Ian A. Rambarran, Bar No. 227366
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 444-7573/FAX (916) 444-7544
irambarran@klinedinstlaw.com

Austin R. Henderson, Bar No. 293245
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
ahenderson@klinedinstlaw.com

Attorneys for Defendant
BAYVIEW LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARIO GONZALES, <br><br> Plaintiff, <br><br> v. <br><br> BAYVIEW LOAN SERVICING, LLC, a business entity form unknown; CLEAR RECON CORP., a business entity forms unknown; and DOES 1-100, inclusive, <br><br> Defendants. | Case No.   3:19-cv-0050-JAH-AGS <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BAYVIEW LOAN SERVICING, LLC'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT** <br><br> Date:  May 6, 2019 <br> Courtroom:  4B <br> Judge:  Hon. Cynthia A. Bashant <br> Magistrate Judge: Hon. Andrew G. Schopler <br> Complaint Filed:  January 8, 2019 <br> Trial Date:  None set |

Defendant BAYVIEW LOAN SERVICING, LLC submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff HILARIO GONZALES' Verified Complaint.

I. **INTRODUCTION**

Plaintiff's new lawsuit fails as a matter of law because the entirety of his claim is to enforce a TILA rescission he claims occurred in 2016 – which by the express language of the complaint is seven (7) years too late. The complaint is

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BAYVIEW
LOAN SERVICING, INC.'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT
3:19-cv-0050-JAH-AGS

subject to a motion to dismiss because not only is the alleged notice of TILA rescission time barred, this lawsuit in an attempt to enforce the TILA rescission is also time barred.

Plaintiff's claim also fails because he has failed to allege he has tendered the amount loaned. In other words, based on the express language of the complaint, because the loan was signed, DOT recorded, and plaintiff made payments in conformity with the loan terms starting in June 2006, a TILA rescission deadline would have been in 2009. An alleged rescission in 2016 would have been 7 years too late. Plaintiff's conclusory claim that it was not "consummated" simply defies logic, black letter law, and the fact that he initially made payments in compliance with the loan terms, and as late as June 2017 he was still submitting modification applications, recognizing the validity and enforcement of the Deed of Trust.

## II.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

### A.   The Property at Issue

Plaintiff Hilario Gonzales borrowed $1,000,000, secured by the property located at 30945 Cuvaison, Bonesall, California 92003 through a Deed of Trust and recorded July 6, 2006. (Complaint ¶ 14; Request for Judicial Notice ("RJN") ¶ 1.). Bayview acquired the servicing of the loan in February 2015. (Complaint ¶ 19). On July 19, 2016, a Notice of Default and Intent to Accelerate was issued to Plaintiff informing him that because his loan was 2,575 days in default, he was at risk of losing his home. (RJN ¶ 2.)

### B.   First Lawsuit – Plaintiff Recognizes the DOT as Valid and Enforeceable

Plaintiff filed a prior lawsuit entitled *Gonzales v. Bayview Loan Servicing*, Case No. 37-2017-00024546-CU-OR-NC in July 2017. In that case, Plaintiff alleged a myriad of HBOR violations, but did not allege a 2016 TILA rescission. After several meet and confer efforts and after counsel for Defendants performed a thorough review of the file, it was explained to Plaintiff's attorney at the time that

the Bayview complied with all relevant law, had given Plaintiff multiple loan modification application opportunities, but the fact remained that Plaintiff's principle balance was more than $700,000 and the loan was due for 2,575 days – that's 7 years. (Henderson Declaration ¶ 4). Interestingly, the prior lawsuit made zero mention of a 2016 TILA rescission. (Henderson Declaration ¶ 5). Plaintiff's attorney in that lawsuit withdrew as counsel in January 2018, Bayview propounded discovery on Plaintiff to proceed with the litigation process, and Plaintiff voluntarily dismissed the lawsuit without prejudice in late January 2018. (Henderson Declaration ¶ 6).

Notably, Plaintiff alleged in the prior lawsuit:

- That he was under loan modification review in September 2016 (RJN ¶ 3, par. 25);
- That he was still under review for loan modification on March 8, 2017 (RJN ¶ 3, par. 31);
- That in June 2017 he resubmitted an updated complete financial package to Bayview (RJN ¶ 3, par.32.

In other words, as late as June 2017, Plaintiff was still treating the terms of the Deed of Trust as enforceable and valid as he attempted loan modification review. So how could he have rescinded it in 2016?

### C. Current Lawsuit - 2016 TILA Rescission

Now Plaintiff alleges that he was not provided accurate material disclosures or two copies of Notices of Right to Cancel in a form that he could take home from the closing. (Complaint ¶ 16). As result, according to plaintiff, the parties to the subject loan were misrepresented. And the loan was not consummated as disclosed within the meaning of the Truth in Lending Act ("TILA"). (Complaint ¶¶ 16, 17). Plaintiff now says that he rescinded the Note and Deed of Trust by operation of law by mailing written notice dated September 13, 2016. (Complaint ¶ 21). Amazingly, none of this was alleged in plaintiff's first lawsuit. It is also

contradicted by the fact that Plaintiff alleges in the prior lawsuit that he acknowledged the enforcement of the Deed of Trust as late as June 2017. (RJN ¶ 3).

### III. LEGAL STANDARD FOR MOTION TO DISMISS

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted when the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. (*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 12(b)(6) permits dismissal of a claim either where the claim lacks a cognizable legal theory or where insufficient facts are alleged to support the plaintiff's theory. (See *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." (*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. (*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996.) However, a court is not required to credit "conclusory allegations of law and unwarranted inferences." (*Jet Source Charter, Inc. v. Gemini Air Group, Inc.*, 2007 U.S. Dist. LEXIS 85308, 4-6 (S.D. Cal. 2007).

Additionally, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." (*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." (*Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

### A. Plaintiff Fails to State a Cause of Action Against Bayview

Plaintiff has failed to state a cause of action for TILA rescission on its face. While Plaintiff's Complaint is littered with legal conclusions and theories, it fails to allege any specific facts to support a cognizable theory of wrongdoing. A Rule

12(b)(6) dismissal is proper when the complaint fails to allege sufficient facts to support a cognizable legal theory. (*Caltex Plastics, Inc. v. Lockheed Martin Corp.* (9th Cir. 2016) 824 F3d 1156, 1159.) To survive a Rule 12(b)(6) motion, the facts alleged must state a "facially plausible" claim for relief. (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555.)

Plaintiff makes conclusory, unsupported, and vague allegations that he rescinded the Deed of Trust and that the Deed of Trust was never consummated. And presto! Plaintiff wants this Court to accept this as true despite other alleged facts, pleadings, exhibits, recorded public records, and federal law expressly contradicting this unsupported statement. For example, it is alleged that, "Plaintiff did not have, and could not have had a reasonable opportunity to discover the material disclosure breaches until very recently due to the active misrepresentations by Defendants…" (Complaint ¶ 61.) More importantly, however, is Plaintiff's unsupported assertion that his loan transaction never "consummated" as the term is contemplated under TILA (Complaint ¶ 64). This statement is completely conclusory, unsupported, and contradicted by the fact that the Deed of Trust was 100% consummated no later than 2006 when Plaintiff started making mortgage payments. Plaintiff signed the DOT in question and became obligated to make payments on the loan since June 2006 – something that he admits to on the face of his Complaint. (Complaint ¶ 14.)

TILA permits borrowers in certain types of consumer credit transactions to rescind the transaction unconditionally within three business days of the transaction's consummation. (15 U.S.C. § 1635(a); *Jesinoski v. Countrywide Home Loans, Inc.* (2015) 135 S.Ct. 790, 792.) After those three days, the borrower has a conditional right to rescind when the lender has failed to satisfy TILA's disclosure requirements. (15 U.S.C. § 1635(f); *Jesinoski v. Countrywide Home Loans, Inc., supra*, at p. 792.) The conditional right to rescind expires "three years after the date of consummation of the transaction or upon the sale of the property,

whichever occurs first . . . ." (15 U.S.C. § 1635(f).) A transaction is "consummated" for purposes of TILA when the consumer "becomes contractually obligated" on the credit transaction. (12 C.F.R. § 226.2(a)(13).)

Here, even assuming Plaintiff's conclusory allegations that Defendants failed to satisfy TILA disclosure requirements, the three-year clock started ticking in 2006, when the transaction was "consummated" – when Plaintiff became contractually obligated to make his mortgage payments on the subject loan. His unsupported claim that the loan was never "consummated" simply defies logical, his own stated facts, and black letter law.

Plaintiff fails to allege sufficient facts to support a cognizable legal theory against Bayview making the Complaint subject to a motion to dismiss. (*Caltex Plastics, Inc. v. Lockheed Martin Corp.*, *supra*, 824 F3d at p. 1159.) Because his theories are unsupported and contradicted by the evidence, Plaintiff has failed to allege a "facially plausible" claim for relief making the Complaint subject to a Rule 12(b)(6) motion. (*Bell Atlantic Corp v. Twombly* (2007) 550 U.S. 544, 555.)

For these reasons, Plaintiff's entire Complaint should be dismissed without leave to amend.

**B.    Plaintiff's Notice of Rescission and Enforcement Lawsuit are Both Time-Barred**

    **1.    Notice of TILA Rescission is Time-Barred**

Plaintiff's alleged notice of rescission is time barred because based on the express language of the Complaint, it was seven (7) years too late. (See 15 U.S.C. § 1635(a); *Jesinoski v. Countrywide Home Loans, Inc.* (2015) 135 S.Ct. 790, 792.) And after those three days, the borrower has a conditional right to rescind when the lender has failed to satisfy TILA's disclosure requirements. (15 U.S.C. § 1635(f); *Jesinoski v. Countrywide Home Loans, Inc., supra*, at p. 792.) The conditional right to rescind expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." (15

U.S.C. § 1635(f).) A transaction is "consummated" for purposes of TILA when the consumer "becomes contractually obligated" on the credit transaction. (12 C.F.R. § 226.2(a)(13).)

Here, Plaintiff signed the DOT in June 2006, made payments in performance of his obligation under contract, and gave notice of a TILA rescission in 2016. (Complaint ¶¶ 14-21). This would go beyond the 3 day time limit (or 3 year time limit in best case scenario for the borrower even assuming he really wasn't provided TILA material disclosure notice). Plaintiff's unsupported, conclusory claim that the loan was not "consummated" within the meaning of TILA, and is expressly contradicted by federal regulations and case law. Consummation is determined according to state law. (*Jackson v. Grant* (9th Cir. 1989) 890 F.2d 118, 120.) For this California plaintiff, consummation occurred on the date the loan closed and was funded. (See, e.g., *Raceway Ford Cases* (2016) 2 Cal.5th 161, 171) Here, that was way back in June 2006 – supported by the face of the complaint. Thus the rescission notice was seven years too late. The borrower concedes the DOT was recorded June 6, 2006, more than 10 years prior to the alleged notice of rescission. Not only that, Plaintiff was still recognized the enforceability of the Deed of Trust as late as June 2017 when he submitted another loan modification, almost a year *after* he says he rescinded it. (RJN ¶ 3).

As a result, plaintiff's TILA rescission claim fails as a matter of law and his case should be dismissed without leave to amend.

### 2. The Lawsuit to Enforce the TILA Rescission is Time-Barred

Plaintiff's lawsuit is time-barred because even according to his own facts, his deadline to file a lawsuit to enforce the TILA rescission would have been no later than 2017.

Every Court in the Ninth Circuit has "found that the plaintiff must bring the claim within one year of the creditor's denial or failure to respond." (See, e.g.,

*Pearce v. Bank of Am. Home Loans*, 2010 U.S. Dist. LEXIS 65307, at *5 (N.D. Cal. June 8, 2010); *Santos v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 71736, at *4 (E.D. Cal. Aug. 14, 2009); *Horton v. Cal. Credit Corp. Ret.*, 2009 U.S. Dist. LEXIS 20612, at *5 (S.D. Cal. Mar. 16, 2009). These courts have found that once an obligor provides notice of rescission, section 1640(e), and not 1635(f) applies, requiring the obligor to file an action "within one year from the date of the occurrence of the violation." (*Pearce, supra*, 2010 U.S. Dist. LEXIS 65307, at *5.)

In any scenario, Plaintiff's claim is time barred. Not only was any purported rescission too late, so too is this suit for "enforcement of rescission." Thus, plaintiff's lawsuit should be dismissed without leave to amend for this reason as well.

### C. Plaintiff's Sole Cause of Action – "Rescission" – Is A Form of Relief, Not a Freestanding Cause of Action

In addition to the fatal flaws of the face of the complaint, plaintiff's lawsuit fails because rescission is not a standalone cause of action. "Rescission is not a freestanding cause of action but rather relief that may be granted as a result of unlawful conduct." (*Moreno v. Citibank, N.A.*, No. C 09-5339 CW, 2010 U.S. Dist. LEXIS 25955, at *9 (N.D. Cal. Mar. 19, 2010) (citing Cal. Civ. Code §§ 1689, 1691-92.) Under section 1691, "[T]o effect a rescission a party to the contract must, promptly upon discovery of the facts which entitle him to rescind ... (b) ***Restore to the other party everything of value which he has received from him under the contract ... .***" (Emphasis added). The consequence of rescission is not only the termination of further liability, but, perhaps more importantly, the restoration of the parties to their former positions by requiring each to ***return whatever consideration has been received***. (*Nmsbpcsldhb v. County of Fresno*, 152 Cal. App. 4th 954, 960 (2007); see also *Imperial Casualty & Indemnity Co. v. Sogomonian*, 198 Cal. App. 3d. 169, 184 (1998)) (Emphasis added).

///

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

Plaintiff has failed to allege that he has restored Bayview to its form position by tendering the amount on the loan. Because there are no allegations in the Complaint wherein Plaintiff even hints he has tendered the amount loaned, his claim seeking rescission should be dismissed.

## IV. CONCLUSION

Plaintiff's alleged TILA rescission – an allegation that was remarkably not brought in Plaintiff's prior lawsuit – fails as a matter of law because both the notice of rescission and the lawsuit to enforce the rescission are time-barred. Rescission is not even a freestanding lawsuit in the first place. For these reasons and reasons more fully explained above, Defendant Bayview Loan Servicing respectfully request that this Court dismiss plaintiff's complaint in its entirety without leave to amend.

Respectfully submitted,

KLINEDINST PC

DATED: March 21, 2019

By: */s/ Austin R. Henderson*
Ian A. Rambarran
Austin R. Henderson
Attorneys for Defendant
BAYVIEW LOAN SERVICING, LLC

17529422v1