## TABLE OF CONTENTS

### Exhibits to Declaration of Austin R. Henderson

| Exhibit No: | Pages |
|---|---|
| Exhibit A | 1-14 |

# EXHIBIT A

## Austin R. Henderson

| | |
|---|---|
| **From:** | cmarshall@marshallestatelaw.com |
| **Sent:** | Thursday, January 31, 2019 10:01 AM |
| **To:** | Austin R. Henderson; Mainak D'Attaray |
| **Cc:** | Ian A. Rambarran |
| **Subject:** | RE: Re: Re: FW: Hilario Gonzales v. Bayview |

Austin,

Schedules (mine and Mainak's) for tomorrow don't coordinate for a time to reconvene (per below). Let's reschedule for Monday (Feb 4) afternoon, 430 pm. Or suggest another time, next week, if that does not work on your end.

Once you confirm (or based upon a new time we have all of us confirmed), I will set up a conference call again.

Please advise,

*Charles Marshall, Esq.*
*Law Office of Charles T. Marshall*
*415 Laurel St., #405*
*San Diego, CA 92101*
*cmarshall@marshallestatelaw.com*
*Phone 619.807.2628*
*Fax 866.575.7413*

PRIVILEGED AND CONFIDENTIAL COMMUNICATION
The information contained in this email is privileged and confidential and is intended only for the use of the individual(s) identified above and others who specifically have been authorized to receive it. If the reader of this message is not the intended recipient, you are hereby notified that reading, use, dissemination, distribution or copying of this e-mail is strictly prohibited.

--------- Original Message ---------
Subject: RE: Re: Re: FW: Hilario Gonzales v. Bayview
From: "Austin R. Henderson" <AHenderson@Klinedinstlaw.com>
Date: 1/30/19 4:47 pm
To: "cmarshall@marshallestatelaw.com" <cmarshall@marshallestatelaw.com>, "Mainak D'Attaray" <mdattaray@dattaraylaw.com>
Cc: "Ian A. Rambarran" <IRambarran@Klinedinstlaw.com>

Gentlemen,

1

I misunderstood I thought you were going to call me.  I just called you both.  I see the conference call info now.  I am free tomorrow or Friday to discuss. Thanks.

**From:** cmarshall@marshallestatelaw.com [mailto:cmarshall@marshallestatelaw.com]
**Sent:** Wednesday, January 30, 2019 4:38 PM
**To:** Austin R. Henderson; Mainak D'Attaray
**Cc:** Ian A. Rambarran
**Subject:** RE: Re: Re: FW: Hilario Gonzales v. Bayview
**Importance:** High

Austin and Ian,

See below. Mainak and I were on the previously scheduled conference call today 4 pm, per below. Stayed on call between 4 and 410 pm.

Re rescheduling, that will have to be arranged.

Please advise,

*Charles Marshall, Esq.*

*Law Office of Charles T. Marshall*

*415 Laurel St., #405*

*San Diego, CA 92101*

*cmarshall@marshallestatelaw.com*

*Phone 619.807.2628*

*Fax 866.575.7413*

2

Exhibit A
000003

PRIVILEGED AND CONFIDENTIAL COMMUNICATION

The information contained in this email is privileged and confidential and is intended only for the use of the individual(s) identified above and others who specifically have been authorized to receive it. If the reader of this message is not the intended recipient, you are hereby notified that reading, use, dissemination, distribution or copying of this e-mail is strictly prohibited.

--------- Original Message ---------

Subject: RE: Re: Re: FW: Hilario Gonzales v. Bayview
From: cmarshall@marshallestatelaw.com
Date: 1/30/19 2:17 pm
To: "Austin R. Henderson" <AHenderson@Klinedinstlaw.com>, "Mainak D'Attaray" <mdattaray@dattaraylaw.com>
Cc: "Ian A. Rambarran" <IRambarran@Klinedinstlaw.com>

See below conference call info for 4 pm conference call today Jan 30 re meet and confer re Gonzales lawsuit referenced above.

All of the above named individuals are invited for the call.

Call in number 1-641-426-1600. Enter access code 651 3094# when prompted.

*Charles Marshall, Esq.*

*Law Office of Charles T. Marshall*

*415 Laurel St., #405*

*San Diego, CA 92101*

*cmarshall@marshallestatelaw.com*

*Phone 619.807.2628*

*Fax 866.575.7413*

3

Exhibit A
000004

PRIVILEGED AND CONFIDENTIAL COMMUNICATION

The information contained in this email is privileged and confidential and is intended only for the use of the individual(s) identified above and others who specifically have been authorized to receive it. If the reader of this message is not the intended recipient, you are hereby notified that reading, use, dissemination, distribution or copying of this e-mail is strictly prohibited.

--------- Original Message ---------

Subject: RE: Re: Re: FW: Hilario Gonzales v. Bayview
From: cmarshall@marshallestatelaw.com
Date: 1/29/19 2:26 pm
To: "Austin R. Henderson" <AHenderson@Klinedinstlaw.com>, "Mainak D'Attaray" <mdattaray@dattaraylaw.com>
Cc: "Ian A. Rambarran" <IRambarran@Klinedinstlaw.com>

Mainak and I will be on the call. Will forward number (per below) tomorrow afternoon, for 4 pm call.

*Charles Marshall, Esq.*

*Law Office of Charles T. Marshall*

*415 Laurel St., #405*

*San Diego, CA 92101*

*cmarshall@marshallestatelaw.com*

*Phone 619.807.2628*

*Fax 866.575.7413*

4

Exhibit A
000005

PRIVILEGED AND CONFIDENTIAL COMMUNICATION

The information contained in this email is privileged and confidential and is intended only for the use of the individual(s) identified above and others who specifically have been authorized to receive it. If the reader of this message is not the intended recipient, you are hereby notified that reading, use, dissemination, distribution or copying of this e-mail is strictly prohibited.

--------- Original Message ---------

Subject: RE: Re: Re: FW: Hilario Gonzales v. Bayview
From: "Austin R. Henderson" <AHenderson@Klinedinstlaw.com>
Date: 1/29/19 1:56 pm
To: "cmarshall@marshallestatelaw.com" <cmarshall@marshallestatelaw.com>,
"Mainak D'Attaray" <mdattaray@dattaraylaw.com>
Cc: "Ian A. Rambarran" <IRambarran@Klinedinstlaw.com>

Gentlemen,

I would like to speak with the attorney of record, Mr. D'Attaray.  There is nothing to negotiate.  On a related note, a Charles Koppa again called my clients today holding himself out as Mr. Gonzales' attorney.   In case I was not clear, **all communications need to go through my office**.  This is not well-taken.

Austin

**From:** cmarshall@marshallestatelaw.com [mailto:cmarshall@marshallestatelaw.com]
**Sent:** Tuesday, January 29, 2019 1:40 PM
**To:** Mainak D'Attaray; Austin R. Henderson
**Cc:** Ian A. Rambarran
**Subject:** RE: Re: Re: FW: Hilario Gonzales v. Bayview

Per below, (see Mainak's email), I will forward a conference call number and login for everyone to join the call.

Please confirm you will be on the call (4 pm, Jan 30),

Exhibit A
000006

*Charles Marshall, Esq.*

*Law Office of Charles T. Marshall*

*415 Laurel St., #405*

*San Diego, CA 92101*

*cmarshall@marshallestatelaw.com*

*Phone 619.807.2628*

*Fax 866.575.7413*

PRIVILEGED AND CONFIDENTIAL COMMUNICATION

The information contained in this email is privileged and confidential and is intended only for the use of the
individual(s) identified above and others who specifically have been authorized to receive it. If the reader of this
message is not the intended recipient, you are hereby notified that reading, use, dissemination, distribution or copying
of this e-mail is strictly prohibited.

--------- Original Message ---------

Subject: Re: Re: FW: Hilario Gonzales v. Bayview
From: "Mainak D'Attaray" <mdattaray@dattaraylaw.com>
Date: 1/29/19 1:34 pm
To: "Austin R. Henderson" <AHenderson@klinedinstlaw.com>
Cc: "cmarshall@marshallestatelaw.com"
<cmarshall@marshallestatelaw.com>, "Ian A. Rambarran"
<IRambarran@klinedinstlaw.com>

Charles is handling negotiations and settlement. I will be on the call, as
well.

Please forward a conference call-in number if you have one; or I can
provide one for our use.

6

Exhibit A
000007

Very truly yours,

Mainak D'Attaray, Esq.

d'attaraylaw| law office of mainak d'attaray

## *Main Address*

3780 Kilroy Airport Way, Suite 200

PMB: 762

Long Beach, California 90806


## *Mailing Address*

10262 Foothill Boulevard

Lake View Terrace, California 91342


mdattaray@dattaraylaw.com

Office:   (562) 256-7038

Direct:   (424) 703-LAW4 [5294]

Fax:     (855) 706-LAW4 [5294]

Mobile:  (310) 497-2216


NOTICE: The contents of this message and/or its attachments may be protected by law by the attorney-client privilege, the attorney work product doctrine or other privileges. If you are not the intended recipient of this message, please forward a copy to the sender and delete the message and its attachments from your computer. Thank you.


On Tue, Jan 29, 2019 at 1:31 PM Austin R. Henderson <AHenderson@klinedinstlaw.com> wrote:

Thanks Charles.

7

Exhibit A
000008

Who is the handling attorney?  The operative complaint was filed by Mr.
D'Attaray's office and docket reflects that he is the handling attorney.  I am
available tomorrow at 4pm.

Thanks

**From:** cmarshall@marshallestatelaw.com
[mailto:cmarshall@marshallestatelaw.com]
**Sent:** Tuesday, January 29, 2019 12:14 PM
**To:** Austin R. Henderson; Mainak D'Attaray
**Cc:** Ian A. Rambarran
**Subject:** RE: Re: FW: Hilario Gonzales v. Bayview

Austin,

Let's have a meet and confer on this issue (per below), tomorrow or
Thursday--tomorrow is better--to address the issues. Will call you. Let
me know if you would, whether 4 pm Jan 30, or 430 pm Jan 31, works
as the better time to have the meet and confer.

Re the previously attached Lis Pendens copy I served on Defendant
primary-party-in-interest....doing so is required by Code (just as I did-
-certified mail), and is not an impermissible communication. In any
event, when I mailed that copy, you had still not accepted service on
behalf of Bayview, so any legal documents for which
acknowledgment was needed (as here), needed to go through the self-
same Defendant.

Please advise re meet and confer time,

*Charles Marshall, Esq.*

*Law Office of Charles T. Marshall*

8

Exhibit A
000009

*415 Laurel St., #405*

*San Diego, CA 92101*

*cmarshall@marshallestatelaw.com*

*Phone 619.807.2628*

*Fax 866.575.7413*

PRIVILEGED AND CONFIDENTIAL COMMUNICATION

The information contained in this email is privileged and confidential and is intended only for the use of the individual(s) identified above and others who specifically have been authorized to receive it. If the reader of this message is not the intended recipient, you are hereby notified that reading, use, dissemination, distribution or copying of this e-mail is strictly prohibited.

--------- Original Message ---------

Subject: RE: Re: FW: Hilario Gonzales v. Bayview
From: "Austin R. Henderson"
<AHenderson@Klinedinstlaw.com>
Date: 1/28/19 5:51 pm
To: "cmarshall@marshallestatelaw.com"
<cmarshall@marshallestatelaw.com>, "Mainak D'Attaray"
<mdattaray@dattaraylaw.com>
Cc: "Ian A. Rambarran" <IRambarran@Klinedinstlaw.com>

Charles,


Please see attached from your office to my client post-litigation.  Can either of you please also respond to my analysis below and provide me with time(s) you are available to discuss why a motion to dismiss should not be filed?


Thanks

9

**From:** Austin R. Henderson
**Sent:** Friday, January 25, 2019 9:39 AM
**To:** 'cmarshall@marshallestatelaw.com'; Mainak D'Attaray
**Cc:** Ian A. Rambarran
**Subject:** RE: Re: FW: Hilario Gonzales v. Bayview

Counsel,

I have initiated a meet and confer effort regarding a motion to dismiss. Do not try to tell me what is/is not a meet and confer attempt. I provided you the specific facts and flaws with the complaint outlined below and include again in this email for your convenience.  Please let me know when you are available to discuss over the phone – the below will serve as a roadmap of our position.  I am representing Bayview and Clear Recon and will accept service as to both.  Again, I would like to get your thoughts on the issues I identify below and/or whether you are just bringing this lawsuit as an attempt to delay the sale.  It's also interesting that the alleged TILA rescission was not raised in the previous lawsuit. Do we know why that is?

Thanks

1)   The alleged notice of rescission is time barred;

2)   This suit to enforce the rescission is time barred.

The borrower signed the DOT in June 2006, made payments in performance of his obligation under contract, and gave notice of a TILA rescission in 2016 with the conclusory allegation that the loan was "not consummated."  This would go beyond the 3 day time limit (or 3 year time limit in best case scenario for the borrower if he really wasn't provided TILA  material disclosure notice).  Because consummation occurred on the date the loan closed and funded, (See, e.g., *Raceway Ford Cases* (2016) 2 Cal.5th 161, 171)  consummation occurred here in June 2006 – supported by the face of the complaint. Thus the rescission notice was seven years too late. The borrower concedes the DOT was recorded June 6, 2006, more than 10 years prior to the alleged notice of rescission.

**15 U.S. Code section 1635 – Right of rescission as to certain transactions**

Exhibit A
000011

**(a) Disclosure of obligor's right to rescind**

Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Bureau, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

**(f) Time limit for exercise of right**

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

**"Consummation" Issue**

Plaintiff tries to argue that the transaction was still not consummated making his alleged 2016 rescission notice valid.  However, "consummation" is a defined word in the federal regulations. It means "the time that a consumer becomes contractually obligated on a credit transaction." (12 C.F.R. § 1026.2(a)(13).) Consummation is determined according to state law. (*Jackson v. Grant* (9th Cir. 1989) 890 F.2d 118, 120.) For this California plaintiff, consummation occurred on the date the loan closed and funded. (See, e.g., *Raceway Ford Cases* (2016) 2 Cal.5th

11

161, 171.)  Here, that was way back in June 2006 – supported by the face of the complaint.  Thus the rescission notice was seven years too late.

### Lawsuit to Enforce Rescission is Time Barred

Every Court in the Ninth Circuit has further "found that the plaintiff must bring the claim within one year of the creditor's denial or failure to respond." (See, e.g., *Pearce v. Bank of Am. Home Loans*, 2010 U.S. Dist. LEXIS 65307, at *5 (N.D. Cal. June 8, 2010); *Santos v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 71736, at *4 (E.D. Cal. Aug. 14, 2009); *Horton v. Cal. Credit Corp. Ret.*, 2009 U.S. Dist. LEXIS 20612, at *5 (S.D. Cal. Mar. 16, 2009). These courts have found that once an obligor provides notice of rescission, section 1640(e), and not 1635(f) applies, requiring the obligor to file an action "within one year from the date of the occurrence of the violation." *Pearce*, 2010 U.S. Dist. LEXIS 65307, at *5. In any scenario, Plaintiff's claim is time barred. Not only was any purported rescission too late, so too is this suit for "enforcement of rescission."

**From:** cmarshall@marshallestatelaw.com
[mailto:cmarshall@marshallestatelaw.com]
**Sent:** Tuesday, January 22, 2019 12:41 PM
**To:** Austin R. Henderson
**Cc:** Ian A. Rambarran; Mainak D'Attaray
**Subject:** RE: Re: FW: Hilario Gonzales v. Bayview

Austin,

I cannot tell from the email chain below, or otherwise, if you have agreed to accept service of the complaint on behalf of Bayview. Clear at this point only that you represent Bayview in this matter. Do you represent Clear Recon also? Just need to know that either way as well.

You have not initiated a meet and confer regarding an intention to file a motion to dismiss, to my knowledge, and the email exchange below is not such an initiation. I or Mainak will meet and confer with you at some point this week, but first let us know if you accept service of the complaint, as filing a motion to dismiss indicates service issues have been addressed.

12

Exhibit A
000013

Whether we meet and confer via phone or email, etc., does not need to be addressed at this moment. That can be raised once we have clarity on the service issue.

Please advise,

*Charles Marshall, Esq.*

*Law Office of Charles T. Marshall*

*415 Laurel St., #405*

*San Diego, CA 92101*

*cmarshall@marshallestatelaw.com*

*Phone 619.807.2628*

*Fax 866.575.7413*

PRIVILEGED AND CONFIDENTIAL COMMUNICATION

The information contained in this email is privileged and confidential and is intended only for the use of the individual(s) identified above and others who specifically have been authorized to receive it. If the reader of this message is not the intended recipient, you are hereby notified that reading, use, dissemination, distribution or copying of this e-mail is strictly prohibited.

--------- Original Message ---------

Subject: RE: Re: FW: Hilario Gonzales v. Bayview
From: "Austin R. Henderson" <AHenderson@Klinedinstlaw.com>
Date: 1/22/19 12:11 pm
To: "cmarshall@marshallestatelaw.com" <cmarshall@marshallestatelaw.com>
Cc: "Ian A. Rambarran"

13

Exhibit A
000014