Charles T. Marshall, Esq, (SBN 176091)
Law Office of Charles T. Marshall
415 Laurel St., #405
San Diego, CA. 92101
Tel: (619) 807-2628
Fax: (866) 575-7413
Email: cmarshall@marshallestatelaw.com

Attorney for Plaintiff, HILARIO GONZALES

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARIO GONZALES,<br><br>            Plaintiff,<br><br>vs.<br><br>BAYVIEW LOAN SERVICING, LLC, a business entity form unknown; CLEAR RECON CORP., a business entity forms unknown; and DOES 1-100, inclusive,<br><br>            Defendant(s). | Case No: 3:19-cv-00050-JAH-AGS<br><br>**PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT FOR ENFORCEMENT OF RESCISSION UNDER TRUTH IN LENDING ACT § 1635 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**TO THE COURT AND ALL PARTIES HERETO AND THEIR COUNSEL:**

Plaintiff HILARIO GONZALES (hereinafter "Plaintiff") sues BAYVIEW LOAN SERVICING, LLC. (hereinafter "BAYVIEW") and CLEAR RECON CORP (hereinafter "CRC") for Enforcement of Rescission under Truth in Lending Act ("TILA") **§** 1635 et. seq.

The below First Amended Complaint consists of allegations at both law and equity, and the allegations below will variously sound in either or both, law and/or equity.

///

## I.    PARTIES AND JURISDICTION

1.      Plaintiff, HILARIO GONZALES, is a resident of San Diego County, California. He owns and has legal and equitable possession of the real property located at: 30945 Cuvaison, Bonsall, CA 92003. All acts complained of herein occurred within the territorial jurisdiction of this court lying in SAN DIEGO COUNTY, CALIFORNIA.

2.      Defendant CRC is located at 4375 Jutland Drive Suite 200, San Diego, CA 92117. CRC is acting as a purported trustee of Plaintiff's deed of trust. CRC is a California corporation. The company's filing status is listed as Active and its California Corporate Number is C3521772. The Registered Agent on file for this company is CT Corporation System (c0168406). The company has 3 principals on record. The principals are Steven W. Pite from San Diego CA, Arianna L. Black from San Diego, CA, and Jeffrey T. Garrity from San Diego, CA.

3.      Defendant BAYVIEW LOAN SERVICING, LLC. is located at 4425 Ponce De Leon Boulevard, 5th Floor, Coral Gables, FL 33146.  Bayview is acting as the purported servicer an improper loan number 1108218 of Plaintiff's rescinded Deed of Trust. Bayview is a Delaware corporation. The company's filing status is listed as Active and its California Corporate Number is 200327210147.  The Registered Agent on file for this company is Corporation Service Company dba CSC Lawyers Incorporating service (c0168406). The company has 1 principal on record. The principal is David Ertel from Coral Gables, FL.

4.      Non-party COUNTRYWIDE HOME LOANS, INC. (hereinafter "COUNTRYWIDE" or "CHL") is a New York Corporation, who always mentioned herein is and was conducting business in the State of California.  CA Secretary of State Historical Records show 125 registration of 125 entities with first name of COUNTRYWIDE as surrendered, terminated or merged out.

5.      Non-party AMERICA'S WHOLESALE LENDER, a New York corporation (hereinafter "AWL") is the named Lender under the purported deed of trust dated July 6, 2006 made by HILARIO GONZALES, AND DAWN MELKUS-GONZALES, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHTS OF SURVIVORSHIP.

## II.      JURISDICTION

6.      Pursuant to 28 U.S.C. § 1331 – Federal Question, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.      Pursuant to 28 U.S.C. § 1332, the amount in controversy meets the federal standard.

8.      The corpus of this Complaint is centered on federal questions, as contemplated by the Codes, *id*. Thus, Jurisdiction is proper in this court.

## III.      VENUE

9.      Pursuant to 28 U.S.C. § 1391, venue is proper in this court because a substantial part of the events giving rise to this Complaint occurred in this district.

## IV.      FACTUAL ALLEGATIONS

10.      Upon information and belief and by published statements made by Defendants, Plaintiff hereby alleges the following facts:

11.      Plaintiff alleges that he rescinded his refinanced home loan under the Truth in Lending Act for failure to give proper disclosures.

12.      Plaintiff's real property that is the subject of the disputed loan is known as 30945 Cuvaison, Bonsall, CA 92003-6119, APN 128-490-07-00 ("Subject Property").

13.      This suit relates to a residential loan transaction encompassed by 15 U.S.C. §1635(b); Reg. Z. 1026.23.

14.    A purported Deed of Trust ("DOT") dated June 26, 2006, was recorded in the office of the San Diego County Recorder on July 6, 2006 as Instrument No. 2006-0476641, naming "America's Wholesale Lender" as the Lender.

15.    The purported Note and Deed of Trust on the Subject Property are hereinafter referred to as the "Subject Loan" or "Debt Obligation."

16.    Plaintiff was not provided accurate material disclosures or two copies of Notices of Right to Cancel in a form he could take home from the closing.

17.    The parties to the Subject Loan were misrepresented.

18.    The Note and Deed of Trust state they were signed June 23, 2006 but the loan was not "consummated" on June 23, 2006, because consummation is defined as [c]onsummation means the time that a consumer becomes contractually obligated on a credit transaction." 1026.2(13).  "Creditor" means "A person who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than four installments (not including a down payment), and to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract." 1026.2 (17).  The Note claimed to be payable to America's Wholesale Lender.

19.    Plaintiff was not provided with two copies of a Notice of Right to Cancel giving "clear and conspicuous" notice of the time to cancel by a creditor with correct notice of the number of days he had to cancel after a valid consummation of his loan.

20.    Plaintiff signed certain loan documents on June 23, 2006, including a Note and Deed of Trust.   He received no proper Notice of Right to Cancel, and certainly did

not receive two correct copies, giving accurate material disclosures, in a form he could take home.

21.     Plaintiff signed loan documents on June 23, 2006.  But the documents he signed were not consummated by a creditor in June 2006, or at all. The address given was not that of the "creditor" or Lender listed as America's Wholesale Lender on the Deed of Trust.

22.     The Subject Loan was not consummated as disclosed within the meaning of the Truth in Lending Act.

23.     On or about February 15, 2015 Bayview Loan Servicing claimed to be the servicer for the Subject Loan under a Fabricated Loan Account Number.

24.     Unaware at the time that the Subject Loan was not consummated with proper disclosures by a party with authority to act, Plaintiff made payments on the Subject Loan.  In early 2016, due to economic conditions outside of his control, Plaintiff suffered a reduction in income from his businesses.

25.     In addition, Plaintiff's wife was diagnosed with Cancer and passed around on July 24, 2016.

26.     Plaintiff contacted Bayview, an entity that he thought was an authorized loan servicer, and requested assistance on his mortgage. As instructed, Plaintiff submitted a financial package to Bayview in order to be reviewed for a loan modification.

PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT FOR
ENFORCEMENT OF RESCISSION - 5

27.     At no time did (or could) Plaintiff waive his right to rescind under the Truth in Lending Act, in writing under very specific conditions as required by TILA, or otherwise.

28.     However on November 30, 2016, , while Plaintiff was in review for a loan modification, Defendants BAYVIEW and CRC recorded a Notice of Default and Election to Sell Under Deed of Trust (the "Notice of Default") against the Subject Property.

29.     The NOD contained a materially false Declaration of Mortgage Servicer Pursuant to Civil Code §2923.55(b)(2) ("Declaration"), whereby an authorized agent or employee of the mortgage servicer, Bayview, declared that it contacted the borrower pursuant to California CiviJ Code §2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. Thirty (30) days or more have passed since the initial contact was made." The Declaration is dated November 16, 2016". The Declaration was signed by representative Gregory Harrison- State Declaration Processor Loss Mitigation, whom Plaintiff had no contact with and who falsely certified the declaration to be accurate, complete and supported by competent and reliable. Bayview serviced the debt obligation until TILA Rescission by mail on September 13, 2016.

30.     Plaintiff rescinded the Note and Deed of Trust by operation of law by mailing written notice dated September 13, 2016 that clearly and unequivocally stated "I, Hilario Gonzales, hereby rescind the above-referenced loan and financial instruments,

pursuant to the provisions of the Truth in Lending Act." A true and correct copy of the Rescission Letter is attached hereto and incorporated by reference as **Exhibit 1**.

31.     Plaintiff is **<u>still</u>** owed a refund of all interest, finance charges, and payments made on the rescinded loan. 15 U.S.C. § 1635(b); Off. Interp. § 1026.23(d)(2)-

32.     This refund, combined with the creditor's affirmative acts in furtherance of affirmation of the voiding of the security interest, are conditions precedent to any obligation by the borrower to tender either loan proceeds or the real property.   15 U.S.C. § 1635(b); Reg. Z §§ 1026.15(d)(3), 1026.23(d)(3).  *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790, 793 (2015) (the Act disclaims and re-orders the common-law condition precedent to rescission at law that the borrower first tender the proceeds received under the transaction; the creditor must first refund the money and acknowledge the dissolution of the security instrument).

33.     No creditor and no valid assignees performed within the statutory time limitations and therefore waived and are barred and estopped from seeking equitable reordering of the remaining steps of rescission.

34.     From September 13, 2016 to the present, there was no deed of trust or security instrument on the real Property.

35.     By letter dated November 19, 2016 Plaintiff notified new servicer Bayview Loan Servicing of the previous TILA rescission. A true and correct copy of the Letter Notice is attached hereto and incorporated by reference as **Exhibit 2**.

36.     At all relevant times, BAYVIEW held itself out as an agent of AWL.

37.     Defendant CRC held itself out as an agent of COUNTRYWIDE, and then BAYVIEW.

38.     Defendant CRC held itself out as an agent of BAYVIEW and AWL.  CRC purported to be the trustee under the subject Deed of Trust, even after the Deed of Trust was rescinded and void.

39.     At all relevant times, BAYVIEW and AWL had knowledge, control, and responsibility for the acts of its agents.  In addition, AWL ratified and delegated authority to its agents via powers of attorney and remained responsible for the acts of its agents or purported agents.

40.     Plaintiff is currently unaware of the identity and capacity of DOES 1 through 100 but will amend the Complaint when their identities have been ascertained. Plaintiff alleges upon information and belief, however, that each and every presently unknown defendant is in some manner responsible for the acts or conduct of other Defendants or were and/or are responsible for the injuries, damages, and harm incurred by Plaintiff.

///

///

///

///

///

///

# CAUSES OF ACTION

## ENFORCEMENT OF RESCISSION UNDER TRUTH IN
## LENDING ACT § 1635 ET. SEQ.

### (Against All Defendants)

41.    Plaintiff incorporates by reference and includes paragraphs 1-31 as if fully stated herein.

42.    The Loan was a consumer credit transaction subject to Plaintiff's right of rescission as described by 15 U.S.C. §1635 and Regulation Z §1026.23.

43.    Plaintiff was a consumer within the meaning of 15 U.S.C. §1602(i)[1602(h) prior to Dodd-Frank amendments] and Regulation Z §1026.2(a)(11) [formerly §226.2(a)(11)].

44.    The disclosure statement issued in conjunction with this transaction understated the annual percentage rate, and finance charges, material disclosures as defined in 15 U.S.C.§1602(v)[§1602(u) prior to Dodd-Frank amendments], Regulation Z, §1026.23(a)(3)(ii) [formerly §226.23 n. 48].

45.    The finance charge and APR were under-disclosed by more than the tolerance levels set forth in 15 U.S.C. §1635(f).

46.    The creditor failed to deliver to the Plaintiff two copies of a notice of the right to rescind in a form he could take home that correctly identified the transaction and that clearly and conspicuously disclosed the proper period and circumstances for

rescission, violating 15 U.S.C. §1635(a) and Regulation Z §1026.23(b)d [formerly §226.23(b)].

47.     As COUNTRYWIDE proclaims itself the assignee of originating creditor AMERICA'S WHOLESALE LENDER or any subsequent assignee, COUNTRYWIDE is liable as an assignee under 15 U.S.C. §1641(a) and the Notice of Rescission was properly sent to COUNTRYWIDE and AWL pursuant to 15 U.S.C. §1641 (c). AWL and Countrywide are non-party entities, and not named Defendants, solely due to their defunct status, and the inability to serve them legal process of service.

48.     AWL, COUNTRYWIDE and BAYVIEW are liable under the Truth in Lending Act as a creditor or alleged successor creditor.

49.     AWL is liable for the acts of its agents and sub-agents under general principles of agency and under vicarious liability provisions of 15 U.S.C. §1641(f)(2).

50.     Further, all assignees are liable for violations of which they have knowledge. AWL, COUNTRYWIDE, and BAYVIEW are presumed to have knowledge of the Recorded Documents at issue in this case, including the Notice of Rescission and associate documents.

51.     Defendants, and each of them, have continuously failed to honor the first step of the rescission, completed by the provision of the Notice of Rescission in September 2016.

52.     Every month, continuing to the date this Complaint was filed, BAYVIEW and its agents continue to charge Plaintiff without recognizing that the Deed of Trust and Note are void.

53.     Every month, continuing to the date this Complaint is filed, BAYVIEW and its agents refuse to credit Plaintiff with the interest and refund due him after serving the Notice of Rescission.

54.     Every month, continuing to the date this Complaint is filed, BAYVIEW, and CRC fail to honor the Notice of Rescission.

55.     AWL, BAYVIEW, and COUNTRYWIDE are barred by the statute of limitations from denying that step one of the rescission occurred because collectively or individually they failed to sue for an equitable re-ordering of the steps within initially 20 calendar days, and then one-year from the date the Notice of Rescission was rendered, or ever since then.

56.     AWL, BAYVIEW, and COUNTRYWIDE are barred by waiver, estoppel, claim preclusion, and judicial estoppel from denying that it has refused to honor the first step of rescission, which occurred by operation of law.  *Jesinoski v. Countrywide Home Loans, Inc*, 135 S.Ct. 790, 792 (2015).

57.     AWL, BAYVIEW, and COUNTRYWIDE have violated 15 U.S.C. §1640(a)(3) by failing to honor a valid rescission demand and basing its monthly accounting for Plaintiff's loan on such failure.

58.     COUNTRYWIDE   HOME   LOANS,   INC.   and   AMERICA'S WHOLESALE LENDER, and BAYVIEW on their own and via purported agents, failed to promptly credit payments.  Each month, those amounts still appear on their statement. Defendants have violated 15 U.S.C. §1641f.  Pub. L. No. 111-22 §404(b), 123 Stat. 1632 1632, 1658 (2009).

59.     To the extent BAYVIEW LOAN SERVICING, asserts that proffered loan modification agreements were conditioned on waiver of any statutory causes of action belonging to Plaintiff, Plaintiff did not accept such loan modifications.  What is more, such a condition on modification itself violates 15 U.S.C. §1639. Reg. Z 1026.24(e): consumer may not waive right to rescind unless it demonstrates the credit was needed for a "bona fide personal financial emergency" and the consumer "shall" give the creditor a dated written statement that describes such emergency, "specifically modifies or waives the right to rescind, and bears the signature of all the consumers entitled to rescind." Reg. Z §1026.24(e).  Official Interpretation §1026.15(e).  Printed forms may not be used. Reg. Z §1026.24(e).

60.     AWL, BAYVIEW, and COUNTRYWIDE have impermissibly pyramided

late fees, by assessing late fees only based on other late fees themselves, in violation of Reg. Z §1026.36(c)(2) (effective Jan. 10, 2014) but previously prohibited by the former FRB Rule within Reg. Z interpreting the Truth in Lending Act. (Official Interpretations to Reg. Z, ¶ 36(c)(1)(ii)-1 (effective prior to Jan. 10, 2014); 73 Fed. Reg. 44,522, 44,614 (July 30, 2008)).

61.     BAYVIEW, and CRC are liable to Plaintiff for statutory damages of an amount to be determined at trial for failure to respond properly to Plaintiff's rescission notice.

62.     BAYVIEW, and CRC are liable to Plaintiff for actual damages in an amount to be determined at trial.

63.     BAYVIEW, and CRC are liable to Plaintiff for reasonable costs of this action including reasonable attorney fees.

64.     The improper assessment of charges, and the assessment of false amounts due are actual damages to Plaintiff.

65.     Plaintiff was damaged by having to hire an attorney to bring these claims to mitigate his damages.

66.     Plaintiff suffered anxiety, stress, anger, humiliation, shame, and disruption of his work and life enjoyment.

67.     Plaintiff is also entitled to statutory damages, and attorney fees and costs for AWL, BAYVIEW, CRC, and COUNTRYWIDE's violations of TILA.

68.     Section 1635 of TILA provides in relevant part the following:

a.     *Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures*

*required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so ....*

   *b.      When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it.*

   *(c)     Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind 'would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by the court ....*

   *(f) An obligor's right of rescission shall expire three year's after the date of consummation (Emph. added) of the transaction or upon the sale of the property, whichever occurs first. ...*

   *(g) In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.*

15 U.S.C. § 1635.

Section 1640 provides in relevant part the following:

*c.      Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this section, including any requirement under section 1635 of this title or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-*

*i. any actual damage sustained by such person as a result of the failure;*
*(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, ... except that the liability under this subparagraph shall not be less than $ 100 nor greater than $ 1,000 ".; and*
*(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.*

69.     Plaintiff alleges that he lawfully rescinded his loan pursuant to the above authorities. *See* **Exhibit 1.**

70.     Plaintiff sent notice to Defendants and such notice was received by Defendants on or about October 1, 2016. Plaintiff alleges that he did not have, and could not have had, a reasonable opportunity to discover the material disclosure breaches until very recently due to the active misrepresentations by Defendants contradicting the identity and authority of the Lender and Successor Lenders under Plaintiff's purported Deed of Trust, the servicer and the servicer's role on the Subject Loan, and the source of funding at closing.  To cap off the confusion, the Subject Loan appears to have been designated for a mortgage-backed-securities pool of loans involving SECRET LIEN HOLDERS.

71.     Plaintiff alleges that the purported assignee of the lender failed to perform its obligations under TILA 1635 (b) within the statutory 20 days and is estopped from any defense to the rescission by operation of the statute. The 20 days ran under the statute, *id*., and Defendants' BAYVIEW and CRC, having timely notice as agents for the purported beneficiary, elected to waive their defenses. The violation is perfected as of September

13, 2016, and the court has a duty to enforce the terms of the statute strictly against Defendant and liberally in favor of Plaintiff.

72.    Plaintiff alleges that Defendant BAYVIEW, acting directly or via agents such as Defendant CRC, have each claimed to be an agent for a lender beneficiary, sometimes naming that lender beneficiary as Non-Party AWL, and at other times claiming that Non-Party COUNTRYWIDE had been the actual lender beneficiary and not just the servicer.  As such, Defendants BAYVIEW, and CRC are liable.

73.    Plaintiff alleges that his loan transaction never "consummated" in escrow or title and that it has never "consummated" as that term is contemplated under TILA. As such, Plaintiff's right to rescind was timely exercised. As alleged *Supra* in this complaint, the original "Lender" named in Plaintiff's deed of trust failed to properly disclose terms, parties and conditions, that were found to be material, and how the loan was structured, funded, and the attendant fees and costs attributed without Plaintiff's knowledge.

74.    Plaintiff HILARIO GONZALES repeatedly notified the Defendants of his rescission under the Truth in Lending Act, 15 U.S.C. §1635(a), §1635(f).  Defendants took no steps to contest the rescission, and failed to refund Plaintiff all money, interest and charges paid to any purported creditor within twenty days, as required.   15 U.S.C. § 1635(b); Off. Interp. § 1026.23(d)(2)-1.

///

///

///

75.     The rescission was effective automatically, as a matter of law, and voided the Note and Deed of Trust.[1]  This first step occurs "by operation of law" upon the borrower's mailing of a notice, whether "disputed or non-disputed*." Jesinoski v. Countrywide Home Loans, Inc*, 135 S.Ct. 790, 792 (2015) (TILA "nowhere suggests a distinction between disputed and undisputed rescissions, much less that a lawsuit would be required for the latter.")

76.     The Truth in Lending Act re-orders common law rescission and requires only that the borrower provide valid notice, and rescission happens by operation of law. Next, the creditor must take certain steps to reflect that the security instrument is shown to be void, and that certain moneys paid by the borrower are refunded, **BEFORE** the borrower has any obligation to tender back the loan obligation or any corporate financial lien undisclosed to the Borrower Gonzales IN EQUITY PERSONAM.

77.     The Deed of Trust is void and does not secure the Subject Property.  There can be no legal foreclosure judgment because there is no security interest.

78.     Plaintiff asks relief from this court to enforce the strict language of TILA in the statute named herein and hold Defendants liable to cancel the deed, as directed by the

---

[1]  Rescission is effective when the consumer notifies the consumer's intent to rescind. Rescission happens automatically, and no court order is necessary. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015); 15 U.S.C. § 1635(b) ("When an obligor exercises his right to rescind . . . , any security interest given by such obligor . . . becomes void upon such a rescission."). Reg. Z §§ 1026.15(d)(1), 1026.23(d)(1) ("When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void . . . ) *See also* Brief for CFPB as Amicus Curiae, *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172 (10th Cir. 2012).

statute, and return all of the money paid into the contract by Plaintiff. Upon Defendant's performance of their obligations under the statute, Plaintiff shall return the property to the authenticated beneficiary upon a showing to this court that a valid beneficiary, with proof of consideration paid for the contract, as determined by this court. Attorney's fees and restitution for all damages incurred, and as a set-off against the amount owed by Plaintiff under the rescission as a result of Defendant's acts, are also requested and shall be quantified at the time trial.

WHEREFORE, Plaintiff requests and prays for the following relief:

1.      That the court award Plaintiff statutory damages of $4,000 under the Truth in Lending Act for failing to respond properly to Plaintiff's rescission notice.

2.      That the court award Plaintiff's statutory damages of $4,000 for each disclosure violation of the Truth in Lending Act.

3.      That the court award Plaintiff all actual damages as shown under the Truth in Lending Act or under any other applicable basis according to proof at trial.

4.      That the court award Plaintiff's costs and reasonable attorney fees according to proof at trial under the Truth in Lending Act;

5.      That the court award all statutory damages according to proof at trial as permitted and applicable to the facts and law of this case.

6.      That the court award actual damages for mental distress according to proof at trial as available under federal or state statute;

7.      That the court award punitive damages according to proof at trial as permitted under the facts and law of this case.

8.      That the court order BAYVIEW and CRC and their agents, employs, heirs or assigns to record a Release and Reconveyance of the Deed of Trust as of September 13, 2016;

9.      That the court order the Note cancelled, void, and of no force or effect;

10.     That the court order that the Plaintiff's estate is established in Plaintiff, and that Defendant and its predecessors, agents, representatives, assigns, employs, heirs, or contractors be barred and forever estopped from having or claiming any right or title to the premises adverse to Plaintiff HILARIO GONZALES;

11.     That the court restrain, enjoin, and permanently enjoin any foreclosure on the Subject Property arising through the void and rescinded Deed of Trust;

12.     That the court enter any and all legal and equitable orders as are necessary or appropriate under the facts and law of this case;

13.     Award of Attorney's fees and costs pursuant to 15 U.S.C. §1639(b) or any applicable statute or contract.

14.     Pre- and post-judgment interest as allowable by law.

15.     Any such further relief, IN LAW OR IN EQUITY, **see Exhibits 3 and 4,** including injunctive or other such declaratory relief, to which Plaintiff is entitled.

**JURY DEMAND**

Plaintiff demands a trial by jury as a matter of right.


Respectfully Submitted,

LAW OFFICE OF CHARLES T. MARSHALL

Dated: April 22, 2019          /s/ Charles T. Marshall
                               **Attorney for Plaintiff,**
                               **HILARIO GONZALES**

PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT FOR
ENFORCEMENT OF RESCISSION - 18

**VERIFICATION**

I, HILARIO GONZALES, declare as follows:

 I am the Plaintiff in this action, and I hereby declare I have read the foregoing Verified First Amended Complaint and know the contents thereof and believe that the matters stated therein are true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

 I hereby declare under the penalty of perjury, that the foregoing is true and correct This verification was executed this April 19, 2019 in Bonsall, California.

**Hilario Gonzales**
(Plaintiff)

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 222 West 6th Street, Suite 400, San Pedro, CA 90731.

On April 23, 2019, I caused to be served a true and correct copy of **PLAINTIFF'S VERIFIED COMPLAINT FOR ENFORCEMENT OF RESCISSION UNDER TRUTH IN LENDING ACT § 1635 ET. SEQ.** on the following parties in this action,

_X_   **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Austin Robert Henderson
ahenderson@klinedinstlaw.com
Klinedinst PC
501 West Broadway, Suite 600
San Diego, CA 92101-3594
Tel: (619)239-8131
Fax: (619)238-8707
*Attorneys for Defendant, Bayview Loan Servicing LLC.*

_X_  **BY UNITED STATES MAIL**, I am "readily familiar" with the practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited in a box or other facility regularly maintained by the United States Postal Service with First-Class postage thereon fully prepaid that same day at San Pedro, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**CLEAR RECON CORP**
4375 Jutland Drive, Suite 200
San Diego, CA 92117

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 23, 2019

/s/ Melissa N. Alvarez
MELISSA N. ALVAREZ

PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT FOR
ENFORCEMENT OF RESCISSION - 20

EXHIBIT 1

EXHIBIT 1

EXHIBIT 1

*EXHIBIT ① Gonzales 1/3 page*



**TITLETRAIL.COM**

1872 Main Street. #153E,  Ramona, CA  92065
Phone 760-787-9966  Fax 760-787-9988
Opinion2@yahoo.com

September 13, 2016

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED NUMBER:  *7015 0920 0001 0576 4735***

America's Wholesale Lender
4500 Park Granada
MSN # SVB-314
Calabasas, CA  91302-1613

RE:  Loan # 106704387, 00013670438706006, MIN 1000157-0006984217-3, APN 126-490-07
REAL PROPERTY LOCATED AT: 30945 Cuvaison, Bonsall, CA  92003-6119

To Whom It May Concern and Officers of Subject Entity:

Pursuant to provisions of the Truth and Lending Act ("TILA"), 15 U.S.C. Section 1635 and/or other federal statutes, I hereby rescind the above-referenced loan instrument, due to violations of TILA, including but not limited to the unlawful failure to give timely and proper notices required under TILA.

With this letter, I hereby exercise my rights under the Federal Truth in Lending Act, 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. 226.23(b)(5) to rescind the above referenced mortgage loan(s) and any Bond Security Claims of Record.  My action is effective immediately.  It is based on the unanimous decision in Jesinoski v. Countrywide, January 13, 2015, by The Supreme Court of The United States.

Thank you,

_____  09/16/2016          _____ 9/16/16
Hilario (Larry) D. Gonzales          Date          Charles J. Koppa          Date
30945 Cuvaison                                        Authorized Third Party for Homeowner
Bonsall, CA  92003-6119                          Ph. 760-787-9966      Fax: 760-787-9966
                                                              Opinion2@yahoo.com

*EXHIBIT "D.1"*



 **TITLETRAIL.COM**

1672 Main Street. #153E, Ramona, CA 92065
Phone 760-787-9966  Fax 760-787-9966
Opinion2@yahoo.com

September 13, 2016

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED NUMBER:  *7015 0920 0001 0576 4742***

CTC Real Estate Services
400 Countrywide Way
MSN SV-88
Simi Valley, CA  93065

**RE: Loan # 106704387, 0001367043870006, MIN 1000157-0006984217-3, APN 126-490-07
REAL PROPERTY LOCATED AT:  30945 Cuvaison, Bonsall, CA 92003-6119**

To Whom it May Concern and Officers of Subject Entity:

Pursuant to provisions of the Truth and Lending Act ("TILA"), 15 U.S.C. Section 1635 and/or other federal statutes, I hereby rescind the above-referenced loan instrument, due to violations of TILA, including but not limited to the unlawful failure to give timely and proper notices required under TILA.

With this letter, I hereby exercise my rights under the Federal Truth in Lending Act, 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. 226.23(b)(5) to rescind the above referenced mortgage loan(s) and any Bond Security Claims of Record.  My action is effective immediately.  It is based on the unanimous decision in Jesinoski v. Countrywide, January 13, 2015, by The Supreme Court of The United States.

Thank you,

Hilario (Larry) D. Gonzales                        Date          Charles J. Koppe              Date
30945 Cuvaison                                                      Authorized Third Party for Homeowner
Bonsall, CA 92003-6119                                          Ph. 760-787-9966    Fax: 760-787-9966
                                                                            Opinion2@yahoo.com

EXHIBIT D.2





**TITLETRAIL**.COM

1672 Main Street. #153E, Ramona, CA 92085
Phone 760-787-9966  Fax 760-787-9988
Opinion2@yahoo.com

September 13, 2016

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED NUMBER:** *7015 0920 0001 0576 4728*

Attention: Ms. Richardon-Caren Wagner
Countrywide Home Loans Inc.
MS SV-79 Document Processing
P.O. Box 10423
Van Nuys, CA 91410-0423

RE: Loan # 106704387, 00013670438706006, MIN 1000157-0006984217-3, APN 126-490-07
**REAL PROPERTY LOCATED AT: 30945 Cuvaison, Bonsall, CA 92003-6119**

To Whom It May Concern and Officers of Subject Entity:

Pursuant to provisions of the Truth and Lending Act ("TILA"), 15 U.S.C. Section 1635 and/or
other federal statutes, I hereby rescind the above-referenced loan instrument, due to violations
of TILA, including but not limited to the unlawful failure to give timely and proper notices
required under TILA.

With this letter, I hereby exercise my rights under the Federal Truth in Lending Act, 15 U.S.C. §
1635 and Regulation Z, 12 C.F.R. 226.23(b)(5) to rescind the above referenced mortgage loan(s)
and any Bond Security Claims of Record. My action is effective immediately. It is based on the
unanimous decision in Jesinoski v. Countrywide, January 13, 2015, by The Supreme Court of The
United States.

Thank you,

_____ 09/16/2016        _____ 9/16/16
Hilario (Larry) D. Gonzales          Date        Charles J. Koppa          Date
30945 Cuvaison                        Authorized Third Party for Homeowner
Bonsall, CA 92003-6119                Ph. 760-787-9966    Fax: 760-787-9966
                                      Opinion2@yahoo.com

EXHIBIT "D.3"

EXHIBIT 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 2

EXHIBIT 2

EXHIBIT "8C1.a"

# TITLETRAIL.com

1672 Main Street. #153E, Ramona, CA 92065
Phone 760-787-9966  Fax 760-787-9988
Opinion2@yahoo.com

November 29, 2016

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED NUMBER:**  *7015 0920 0001 0576 5015*

Bayview Loan Servicing
4425 Ponce De Leon Blvd.
5th Floor
Coral Gables, FL 33146

RE:  Account # 0001108218, APN 128-490-07-00

**ACTION:  ENFORCEMENT OF TILA RESCISSION ON MY LAND TITLE AND REAL PROPERTY LOCATED AT:  30945 Cuvaison, Bonsall, CA 92003-6119**

NOTICE To Any Corporate Officer Responsible For Client Accounting and Risk Management:

Please respect our knowledge...  You and your entities have failed to meet the mandatory obligations of my Statutory Rescission effective September 13, 2016.  By operation of law, we/you are hereby entering the enforcement phase of The Truth In Lending Act and "Regulation Z" of The Federal Reserve Board.

All debt collection and/or lien foreclosure activity was terminated by our cancellation of a subject Note, Deed of Trust and/or Securitization Trust.  Lender(s) and parties with standing have failed to comply within 30 days after September 13, 2016, by initiating a legal action, by returning the canceled note, by satisfying their mortgage, and by returning all monies to the borrower.

Your obligation begins with return of the canceled note, release of all encumbrances, expunging of credit/land records and disgorgement of all monies paid by the "borrower" to you or to third parties arising out of origination or servicing of purported loan/lien obligations.

My unilateral election to rescind became effective based upon a unanimous decision of The Supreme Court of the United States in Jesinoski v. Countrywide, January 13, 2015.

Please govern yourself, employees and fiduciaries to prepare expeditiously for a Just Resolution.


*Charles J Koppa*      11/29/16
                        DATE

Charles J Koppa  Authorized Third Party for Borrower, Hilario (Larry) Gonzales

Email:  poppakoppa@gmail.com

EXHIBIT "8C2.a"

# TITLETRAIL.COM

1672 Main Street. #153E, Ramona, CA 92065
Phone 760-787-9966 Fax 760-787-9988
Opinion2@yahoo.com

November 29, 2016

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED NUMBER:** *7015 0920 0001 0576 5039*

Bank of America
450 America Street
Simi Valley, CA 92003

**RE: Account # 0136704387, APN 128-490-07-00**

**ACTION: ENFORCEMENT OF TILA RESCISSION ON MY LAND TITLE AND REAL PROPERTY LOCATED AT: 30945 Cuvaison, Bonsall, CA 92003-6119**

**NOTICE To Any Corporate Officer Responsible For Client Accounting and Risk Management:**

Please respect our knowledge... You and your entities have failed to meet the mandatory obligations of my Statutory Rescission effective September 13, 2016. By operation of law, we/you are hereby entering the enforcement phase of The Truth In Lending Act and "Regulation Z" of The Federal Reserve Board.

All debt collection and/or lien foreclosure activity was terminated by our cancellation of a subject Note, Deed of Trust and/or Securitization Trust. Lender(s) and parties with standing have failed to comply within 30 days after September 13, 2016, by initiating a legal action, by returning the canceled note, by satisfying their mortgage, and by returning all monies to the borrower.

Your obligation begins with return of the canceled note, release of all encumbrances, expunging of credit/land records and disgorgement of all monies paid by the "borrower" to you or to third parties arising out of origination or servicing of purported loan/lien obligations.

My unilateral election to rescind became effective based upon a unanimous decision of The Supreme Court of the United States in Jesinoski v. Countrywide, January 13, 2015.

Please govern yourself, employees and fiduciaries to prepare expeditiously for a Just Resolution.

_Charles J Koppa_  11/29/16
                                            DATE

**Charles J. Koppa, Authorized Third Party for Borrower, Hilario (Larry) Gonzales**
Email: poppakoppa@gmail.com

EXHIBIT 3

EXHIBIT 3

EXHIBIT 3

**MAIN ST** | **WALL ST**

| BETA: No Warranty | **HersID:  CASD-LGA2** | FAX: 760-692-4499 |
| DRAT Funding Request? | **San Diego County** | Opinion2@Yahoo.com |
| **INTERMEDIARIES DOCUMENTED** | **30945 Cuvaison** | **APPLICATION DATE:** |
| | **Bonsall, CA  92003-6119** | |

| A. BORROWER/DEBTOR/REALTY/LOAN "COLLATERALIZATION ISSUES" *AT LAW* | B. CREDITOR/INVESTOR/SECRET LIEN "SECURITIZATION ISSUES" *IN EQUITY* |

| # | Field | Value | # | Field | Value |
|---|---|---|---|---|---|
| 1 | PROPERTY APN: | 128-490-07-00 | 41 | SECURITY CUSIP/LEI | 721528688 |
| 2 | Agent: | Charles Koppa | 42 | Accountants: | KPMG, LLC |
| 3 | Appraiser (RE): | | 43 | Administrator(Bond): | Countrywide GP |
| 4 | Assignee: | | 44 | Agent (Calculations): | Countrywide Financial Corporation |
| 5 | Assignor | | 45 | Agent (Filing): | Earnst & Young, LLP |
| 6 | Attorney-in-Fact: | | 46 | Appraiser 1 (Bond): | |
| 7 | Accountant/Auditor: | | 47 | Aggregator/Sponsor: | BANA |
| 8 | Beneficiary: | MERS | 48 | Assignee: | |
| 9 | Borrower/Trustor: | CTC Real Estate Services | 49 | Attorney-in-Fact: | |
| 10 | Broker (Loan): | | 50 | Beneficiary: | Countrywide Financial Corporation |
| 11 | Broker (Realtor): | | 51 | Brokerage (Security): | |
| 12 | Case Number (Legal): | 37-2017-00024546-CU-OR-NC | 52 | Bond Servicer: | |
| 13 | Client's Attorney: | Charles Marshall | 53 | Conduit/REMIC(s): | |
| 14 | Court: | 9TH CIR CA SO | 54 | CDO/CLO/ISDA: | |
| 15 | Grantee/Deed Owner: | Hilario Gonzales | 55 | CDS Parties: | |
| 16 | HOA/Mgmt Co: | none | 56 | Custodian: | US Bank NA |
| 17 | Lender 1: | Americas Wholesale Lender | 57 | Depositor/SPE Sponsor: | CWALT / BA Funding Corporation |
| 18 | Lender 2: | Countrywide | 68 | Funder: | BAFC |
| 19 | Loan Amount(s): | $1,000,000 | 69 | Grantor Trustee: | |
| 20 | Loan Mod: | incomplete | 60 | Insurer(s): | |
| 21 | Loan Number: | 1108218 | 61 | Investor(s): | |
| 22 | Loan Originator: | | 62 | IRS Identification #: | 95-4596514 |
| 23 | Loan Packager: | Bank of America, N.A. | 63 | Issuer: | CWALT, inc. |
| 24 | Loan Riders: | | 64 | Market Maker: | |
| 25 | Loan Servicer(s): | BAC Loan Servicing | 65 | Master Servicer: | BAC Home Loan Servicing |
| 26 | MERS Custodian: | Bank of America, N.A. | 66 | Notary: | |
| 27 | MERS MIN Number: | 128-490-07-00 | 67 | Obligee: | |
| 28 | Notary(ies): | Sammy M. Cobb | 68 | Obligor: | |
| 29 | Purchase Price: | $1,417,000 | 69 | Originator: | Countrywide Securities |
| 30 | Present Value: | $1,191,000 | 70 | Rating Agent: | Moodys |
| 31 | Posting Agent: | Clear Recon Corp | 71 | Registrar: | |
| 32 | Rescission Date | 13-Sep-16 | 72 | SEC Accession # | 0000905148-07-002733 |
| 33 | Title Company | Fidelity National Title Insurance | 73 | SEC File #: | 333-131591-16 |
| 34 | TDOS Buyer: | None | 74 | Seller: | |
| 35 | Trustee (Original): | CTC Real Estate Services | 75 | Sponsor REMIC Trust: | Countrywide Securities |
| 36 | Trustee (Substitute): | PRLAP CTC | 76 | Swap Agreement: | |
| 37 | Trustee (Foreclosure): | Clear Recon Corp | 77 | Tax Services | Countrywide Financial Corporation |
| 38 | UCC/Land Trust | | 78 | Trustee (Depositor): | Bank of New York |
| 39 | Underwriter (Loan): | | 79 | Trustee (Investor): | |
| 40 | Yield Spread (Mtg): | | 80 | Trustor (REMIC/Bond): | Countrywide GP, Inc. |
| | | | 81 | Warehouse Lender (Scty): | BA Funding Corporation |
| | | | 82 | Yield Spread (Bond): | BA Securities |

**\* RESEARCHER PROMPT:   Items may not exist or be found WITHOUT Borrower and Creditor Assistance**

HersID IS YOUR REGISTRY of Homeowners Examination of Recordations, Securitizations and Intermediaries Documented

**MOTTO:  Banksters, Barristers, Legalistas & Politicos DO NOT Hold Title to *THE AMERICAN DREAM!***

| Client SIGNATURE | **TRAIL OF AUTHORITY**™ **BY TitleTrail, LLC** | Acknowledge and Accept: Account: |
| Date: Email: PHONE: | *Evidenciary Records of Real Estate, Loan Securitizations, DOT Rescissions, Mortgage Defaults, Lien Foreclosures, Settlements, Quiet Titles, Recovery & Investments.* | Reviewer: Date: Email:  Opinion@yahoo.com PHONE: 442-444-8417 |

HersIDtm Application  2018-1  Copyright 2010, 2018 by Charles J. Koppa, San Diego, CA  Reprint With Permission.

## "FOR JUDICIAL NOTICE"
**Excerpted from White House.gov** <u>LAW & JUSTICE</u>

# EXECUTIVE ORDER BLOCKING THE PROPERTY OF PERSONS INVOLVED IN SERIOUS HUMAN RIGHTS ABUSE & CORRUPTION

Issued on: December 21, 2017

"Sec. 13. **This order** is not intended to, and does not, create any right or benefit, substantive or procedural, **enforceable at law or in equity** by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

Signed By; **DONALD J. TRUMP, President, THE WHITE HOUSE, December 20, 2017"**

-------------------------------------------------------------------------

# US COURT SYSTEM 2018: A NON-JUDICIAL ROLE
*(A) ENTITY CLAIMS "AT LAW" TO  (B ) PERSONAL SETTLEMENTS "IN EQUITY"*

## (A) '<u>*Attorney* AT LAW</u>' vs (B) <u>*Counsellor* IN EQUITY</u>'

**In modern practice, perhaps the most important distinction between 'law' and 'equity' is the set of remedies each offers. Most common law/civil remedy in a <u>*Court AT LAW*</u> is an award of "monetary damages." A <u>*Court IN EQUITY*</u>, however, enters "injunctions or decrees" directing someone either to act or to forbear from acting.**

1. What does **"at law"** or **"in equity" mean?** "AT LAW," the term **"legal"** refers to a set of remedies and associated procedures involved with **civil law**." *Equitable Doctrines"* and procedures are distinguished from "**legal**" ones ... Today's court will typically award *equitable remedies "IN EQUITY" when legal remedy is insufficient or inadequate.*

2. What is the difference between a legal and an equitable remedy? **Equitable remedies** are related to **fairness,** as opposed to the *actual monetary damages* suffered as the result of a breach. One common type of **equitable remedy** used when the goods are unique is called **"specific performance"** -- a court order requiring the *nonperforming party* to carry out the exact terms of the contract.

3. What is the main purpose of equity? The nature **of equity:** Evaluate this statement by reference to the nature and *purpose of Equity today.* The term "**equity**" is in a general sense, associated with notions of <u>***fairness, morality and justice in* ethical jurisdiction.**</u>

4. What are principles of equity? **Maxims of equity** are legal maxims that serve as a set of general **principles** or rules to govern the way in which **EQUITY** operates. ... They were developed by the English Court of Chancery and other courts that administer equity jurisdiction administration, including <u>***the law of trusts***</u>.

5. Necessity for equity to develop? This is because the rules already established in the **common law courts** were readily adopted and incorporated into the systems of **equity**. ... **Concurrent jurisdiction:** refers to the new wide range of remedies that the **equity system developed** for the enforcement of rights, <u>both</u> **at law** <u>and</u> in equity.

6   <u>What are the principal legal and equitable remedies</u>?  The distinction between types of relief granted by the courts is due to the Courts of Equity, such as the Court of Chancery in England, and **still available today in most common law jurisdictions**. ... where there are a variety of **equitable remedies**, but the **principal remedies** are ***injunctions***.

7   <u>What is equitable remedy</u>?  Actions that the court prescribes which **will serve to resolve** the breach or dispute.  **Equitable remedies** are typically granted when **legal remedies** or **monetary compensation cannot adequately resolve the wrongdoing** or failure to resolve issues between the parties.  **Settlement in Equity has no Plaintiff and no Defendant --- only a Federal Judge to hear the personal claimants'**

8   <u>What are some examples of equity</u>?  Put simply, **equity is ownership.**  In the trading world, equity refers to **stock**. In the accounting and corporate lending world, equity (or more commonly, **shareholders' equity**) refers to the amount of capital contributed by the owners or the difference between a company's **total assets** and its **total liabilities.**

9   <u>What is the Principle of Equity</u>?  Powers of a **Court in Equity** derive from the ***Principle of Justice***.  A court in **equity** is necessary, first, to supply the ***progressive defects*** of common law, and, next, to ***correct personal injustice*** of **Courts At Law.**

10  <u>What is an equity case</u>?  A ***court in equity*** is one which administers justice, where there **are** legal rights or ***NO*** legal rights; but ***courts at law*** do not afford a complete remedy, and **where the complainant has also an equitable right beyond Actions AT LAW.**

11  <u>What is an example of an equitable remedy</u>?  An **example** of a **legal remedy** is <u>monetary damages.</u>  An **example of an equitable remedy** is <u>an injunction</u>.  The origin of the distinctions between the two types of **remedies** <u>is historical</u>.  The American legal system is based upon **English common law**, which maintains separate Courts **"AT LAW"** and **"*IN EQUITY*."  The US Court System COMBINES both types for Federal Judges.**

12  <u>What are common law remedies</u>?  When lawyers talk about "**remedies at law**," they are talking about *money damages*. For breach of contract cases, there are several different types of **monetary remedies**.  *Compensatory damages* are the most **common** breach of contract **remedy,**

13  <u>What is the difference between equity and justice</u>?  **Equity** has to do with everyone having access to fair and equal treatment under the law, regardless of race, social class or gender. **Social Justice** extends the concept of **equity** to include **human rights** as part of the social contract.

14  <u>What is the concept of equity</u>?  It is generally agreed that **equity** implies a need for <u>*fairness*</u> (not necessarily equality) in the distribution of gains and losses, and <u>the entitlement of everyone to an acceptable quality and standard of living.</u> The **concept of equity** is well entrenched in international law.

15  <u>What is a court of equity</u>?  n. originally in English common law and in several states, there were separate **courts** (often called chancery **courts**) which handled lawsuits and petitions requesting remedies other than damages, such as writs, injunctions and specific performance.  Gradually the **courts in equity** have <u>merged </u>with **courts at law.**

16 <u>What is an equitable remedy in contract law</u>?  There are several **remedies** a court can impose on parties in a **breach of a contract case**: *rescission, restitution, specific performance, injunction, reformation or quasi-contract*

17 <u>What is an equitable action</u>?  **Equitable Claims.** A plaintiff who seeks **equitable** relief is asking the court for an injunction. An injunction is a court order compelling a party to do or refrain from doing a specified act.

18 <u>What remedies include specific performance</u>?  **Specific performance** is an order of a court which requires a party to perform a **specific** act, usually what is stated in a contract. It is an alternative to awarding damages and is classed as an **equitable remedy** commonly used in the form of **injunctive relief** concerning confidential information **or** *real property*.

19 <u>What is the law of equity</u>?  In **law**, the term "**equity**" refers to a set of remedies and associated procedures involved with **civil law**. These equitable doctrines and procedures are distinguished from **"legal" ones**. ... A court will typically award equitable remedies **when a legal remedy is insufficient or inadequate.**

20 <u>What is equitable in law</u>?  **Equitable** refers to something characterized *by fairness, impartiality, or lack of bias*. **"Equity"** is the name given to the whole area of the **legal** system in countries following the English common **law** tradition that **resolves disputes between persons by applying principles of fairness and justness, not monetary decisions.**

21 <u>Is equity law</u>?  In jurisdictions following the English common **law** system, **equity** refers to the body of **law** which was developed in the English Court of Chancery and which is now administered **concurrently with the common law**. It is characterized **by equity or fairness; just and right; fair; reasonable: equitable treatment of all citizens.**

22 <u>What is equity under the law</u>?  In its broadest sense, **equity** is fairness. As a **legal** system, it is a body of **law** that addresses **concerns that fall outside the jurisdiction of Common Law. Equity** is also used to describe the money value of **property** more than claims, liens, or mortgages on the **property**.

23 <u>What are the principles of equity</u>?  Powers of a **Court in Equity** derived from the **Principle** of Justice. A **court in equity** is necessary, first, to **supply the defects of common law**, and, next, **correct its right or injustice.**

24 <u>What is the difference between equal and equitable</u>?  **Equal/equally** means the *same,* whereas **equitable/equitably** means *fairly*. For example, if you have two groups and both receive 50% of a resource that can be **equal** division but may not be **equitable**.'

25 <u>What is the concept of equity</u>?  It is generally agreed that **equity** implies a need for **fairness (not necessarily equality)** in the distribution of gains and losses, and the entitlement of everyone to an acceptable quality and standard of living. The **concept of equity** is well **entrenched in international law.**

26 <u>What is ethics and equity</u>?  **EQUITY** MEANS SOCIAL JUSTICE.  **Equity** means social justice or fairness; it is an **ethical** concept, grounded in principles of distributive justice.  **Equity** in health can be—and has widely been—defined as the absence of socially unjust or unfair health disparities

EXHIBIT 4

EXHIBIT 4

EXHIBIT 4

Gonzales

DOC# 2017-0110296

Mar 09, 2017   03:22 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:   $81.00

PAGES: 23

Recording requested by:
Koppa Management Services
1672 Main Street, 153E
Ramona, CA  92065

When recorded mail to:
1672 Main Street, 153E
Ramona, CA  92065

This notice must be indexed as follows:  Grantor and Grantee Index.  Each claimant is a grantor

# NOTICE OF INTENT TO PRESERVE INTEREST IN REAL PROPERTY
### (California Civil Code Title 5, § 880.340 & 880.350)

This notice is intended to preserve any interest in real property from extinguishment or foreclosure pursuant to Title 5 (commencing with Section 880,020) of Part of Division 2 of the California Civil Code (Marketable Record Title).

1.    **CLAIMANT:**   Hilario Gonzales, husband in Community Property with rights of survivorship, real property 30945 Cuvaison, Bonsall, CA  92003.  Mailing address, 30945 Cuvaison, Bonsall, CA  92003, hereby declare:

2.    **CHARACTER OF INTEREST:**    I am the legal owner with full interest in Land Title to real property situated in the City of Bonsall, County of San Diego, State of California.  It was purchased from the previous owner, LB/L-EPAC Rancho Camargo, LLC.  I currently hold the Grant Deed hereto described more fully in Exhibit "A," Doc# 2006-0476640, APN 126-490-07, with recorded Legal Description attached and made a part thereof.

3.    **RECORD LOCATION:**  Claimants' recorded interest in the Land Title exists in a Grant Deed, recorded on July 6, 2006, as Doc #2006-0476640, Order No. 9833858, Escrow No. 13379-SMK, in the Official Records, San Diego County Recorder's Office, San Diego, California.

4.    **LEGAL DESCRIPTION:**

That certain real property located in the unincorporated area of the County of San Diego, State of California, described as follows:

PARCEL 1:
Lot  33  of County of San Diego Tract No. 5037-3, according to Map thereof No. 14899, filed in the Office of the County Recorder of San Diego County November 3, 2004.

RESERVING THEREFROM for the benefit of all Owners within AGUACATE RANCH COMMUNITY ASSOCIATION, a California nonprofit mutual benefit corporation, a nonexclusive easement on and over the Common Area private streets and entry gate, as defined and depicted in the Declaration hereinafter referred to, for ingress, egress, and private road purposes, including the right to access and maintain said road, subject to the terms as more particularly set forth in the Declaration hereinafter referred to.

RESERVING UNTO GRANTOR, its successors and assigns, together with the right to grant and transfer all or a portion of the same, (a) all oil, oil rights, minerals, mineral rights, natural gas, natural gas rights, and other hydrocarbons by whatsoever name known, geothermal steam and all products derived from any of the foregoing, that may be within or under the parcel of land hereinabove described, together with the perpetual right of drilling, mining, exploring and operating therefor and storing in and removing the same from said land or any other land, including the right to whipstock or directionally drill and mine from lands other than those hereinabove described, oil or gas wells, tunnels and shafts into, through or across the subsurface of the land hereinabove described, and to bottom such whipstocked or directionally drilled wells, tunnels and shafts under and beneath or beyond the exterior limits thereof, and to redrill, retunnel, equip, maintain, repair, deepen and operate any such wells or mines without, however, the right to drill, mine, store, explore and operate through the surface or the upper 500 feet of the subsurface of the land hereinabove described; and (b) any and all water, water rights or interests therein appurtenant or relating to the land hereinabove described, or owned or used by Grantor in connection with or with respect to the land (no matter how acquired by Grantor), whether such water rights shall be riparian, overlying, appropriate, littoral, percolating, prescriptive, adjudicated, statutory or contractual, together with the right and power to explore, drill, redrill, remove and store the same from or in the land or to divert or otherwise utilize such water, rights or interests on any other property, whether or not such other property is owned or leased by Grantor; but without, however, any right to enter upon the surface of the land in the exercise of such rights.

FURTHER RESERVING UNTO GRANTOR, ITS SUCCESSORS AND ASSIGNS, TOGETHER WITH THE RIGHT TO GRANT AND TRANSFER ALL OR A PORTION OF SAME, except as granted hereby, easements and rights reserved by Grantor as Declarant and Owner in the Declaration hereinafter referred to.

PARCEL 2:
Easements and rights for the benefit of Grantee as set forth in the Declaration described below.

SUBJECT TO:
1.   Current nondelinquent real property-taxes and all nondelinquent unpaid general and special assessments.

2.   That certain Declaration of Covenants, Conditions and Restrictions recorded December 12, 2001 as Instrument No. 2001-0912649, and Supplementary Declaration of Covenants, Conditions and Restrictions recorded March 29, 2005 as Instrument No. 2005-0252122, both in Official Records of San Diego County, California, and any amendments thereto (collectively the "Declaration"), and the covenants, conditions, restrictions, easements, rights, reservations, benefits and burdens therein contained, each and all of which are hereby expressly incorporated herein by reference as though set out herein in full.

3.   All other covenants, conditions, restrictions, reservations, rights, rights-of-way, and easements of record and/or apparent.

5.   **PURPORTED OBLIGATION:**   On July 6, 2006, a Deed of Trust on behalf of America's Wholesale Lenders was recorded on this same property pursuant to a presumed contract concerning the loan of a sum of money between said Bank and ourselves as Trustors.  Exhibit "B" is the face page of the recorded Trust Deed, document # 2006-076641.

6.   **STATUTORY LAW:**     I am knowledgeable of some federal statutes governing consumer rights to rescind a "loan" under TILA and/or to enforce RESPA, FDCPA, FTA, or FCRA.  Initial actions relied on the unanimous U.S. Supreme Court Decision in Jesinoski v. Countrywide, January 13, 2015.  (See ratification by Honorable Justice Scalia, marked as Exhibit "C.")

By this ratification, past requirements for judicial lien foreclosure defense against debt collection entities by borrowers are now replaced by borrower's non-judicial enforcement to return us to "status" existing before a debt obligation was initiated. Past lenders/creditors/ debt collectors and/or "intermediaries" for the unknown original creditors or unknown present (secret) lien holders must have met TILA/Federal Reserve Reg Z restitution activity within one year after our decision to rescind #5 above.

Creditors, lenders, debt collectors and agents/servicers of investment firms must immediately cancel any liens, return the Canceled Original Note, reconvey Deeds of Trust/Mortgages, reimburse all prior loan payments, fees and costs to borrower, and immediately terminate ALL COLLECTION ACTIVITIES. Title documents resulting from/after date of item #5 above should be removed from County Land Records.

7. **FINDINGS:**    The Deed of Trust presumed contract is invalid for the following reasons:

Events subsequent to the acceptance of our loan application by America's Wholesale Lenders reveal that said Bank had no intention of fulfilling a mortgage agreement with me and instead has done what it can to put me into default and confiscate my property. There was no meeting of the minds and a funding creditor was not present, so there was no contract.

No contract document exists between America's Wholesale Lenders and myself committing said Bank to consummate with its own funds, to be jointly signed by an Officer of Bank and myself.

Failure to properly record and deliver legal Notice of Substitution of trustee (from PRLAP, Inc., Trustee unknown) filed with the County Recorder/Assessor of San Diego County, is a fatal error, rendering further transaction activity VOID.

My research finds that all required disclosures under Trust In Lending Act (TILA) were not provided. The Deed of Trust which I alone signed, was securitized by America's Wholesale Lenders ("Bank") and sold or transferred by them to unknown third parties and financial service entities without Notice or approval by us.

8. **STATUTORY RESCISSION COMPLETION:** My Notice of TILA Rescission was effective upon mailing of certified letters. Evidence of notification to "Bank"/ "Lender"/"Trustee" is memorialized in Certified Mail Records called Exhibit "D":

#7015 0920 0001 0576 4725 to America's Wholesale Lender, dated September 13, 2016;

#7015 0920 0001 0576 4742 to CTC Real Estate Services, dated September 13, 2016;

#7015 0920 0001 0576 4728 to Ms. Richardson-Caren Wagnere of Countrywide Home Loans, Inc., dated September 13, 2016.

9.    **CLAIMANT VERIFICATION:**    A demand for the enforcement process was initiated November 29, 2016, by Certified Letter Notices.  Evidence of notification to "Bank"/ "Lender"/"Trustee" is memorialized in Certified Mail Records called Exhibit "E":

> #7015 0920 0001 0576 5015 to Bayview Loan Servicing, dated November 29, 2016; and

> #7015 0920 0001 0576 5039 to Bank of America, dated November 29, 2016.

10.    **FOUNDATION DOCUMENTS BY NEIL F. GARFIELD, ESQ:** The following Exhibits "F" - "I" pertain to actions under the referenced Deed of Trust, wherein the ownership under the referenced Grant Deed is not affected:

> Exhibit "F"    Rescission Summary as I See It, 4/14/2015.
> Exhibit "G"    20 Days for Banks to File Lawsuit or Waive Any Claim, 6/22/2015.
> Exhibit "H"    Old Habits Die Hard Despite SCOTUS Decision Clarity, 6/26/2015.
> Exhibit "I"    Lawyers for Banks: Ignore Rescission at your Peril, 10/21/2015.
> Exhibit "J"    Why TILA Rescission Makes Perfect Sense, 10/26/2015.

11.    **ACKNOWLEDGEMENT:** I, Hilario Gonzales, assert that this notice is not recorded for the purpose of slandering title to real property.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of our personal knowledge.

> Executed this 4th day of _March_, 2017, at _Bonsall_, California.

Signed: _Hilario Gonzales_
      HILARIO GONZALES

(Certificate of Notary Acknowledgement Attached)

SEE Attached Acknowledgment
Brandon whitford

---

**CERTIFICATION MADE UNDER PENALTY OF PERJURY**

---

**(Code of Civil Procedure 2015.5)**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signature: _____

Firm Name (if applicable)

Place of Execution: *BonsAll, California*    Date: *3/4/2017*

Rec. Form #R7 (Revised 3-25-16)

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**        **CIVIL CODE § 1189**

---

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California       )

County of _San Diego_ )

On _March 4, 2017_ before me, _Brandon Whitford Evans, Notary Public_
     *Date*                       *Here Insert Name and Title of the Officer*

personally appeared _Hilario Gonzales_
                          *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Brandon Whitford Evans_
              *Signature of Notary Public*

[Notary Seal: BRANDON WHITFORD EVANS, COMM. #2143359, NOTARY PUBLIC-CALIFORNIA, SAN DIEGO COUNTY, MY COMM. EXPIRES FEBRUARY 26, 2020]

     *Place Notary Seal Above*

---

**————— OPTIONAL —————**

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____ Document Date: _____

Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: _____ | Signer's Name: _____ |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Individual ☐ Attorney in Fact | ☐ Individual ☐ Attorney in Fact |
| ☐ Trustee ☐ Guardian or Conservator | ☐ Trustee ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

---

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907