# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARIO GONZALES, <br><br> Plaintiff, <br><br> v. <br><br> BAYVIEW LOAN SERVICING, LLC, *et al.*, <br><br> Defendants. | Case No. 19-cv-0050-BAS-AGS <br><br> **ORDER TERMINATING PENDING MOTION TO DISMISS** <br><br> **[ECF No. 5]** |

In the wake of Defendant Bayview Loan Servicing, LLC's ("Bayview") pending motion to dismiss filed on March 21, 2019, (ECF No. 5), Plaintiff Hilario Gonzales filed a First Amended Complaint ("FAC") on April 23, 2019 (ECF No. 8). A day later, Plaintiff "withdrew" that version of the FAC (ECF No. 9) and filed a second version of the FAC, (ECF No. 10). Although Plaintiff has violated Rule 15 in filing the FAC, the Court will permit the FAC and will terminate the pending motion to dismiss.

## DISCUSSION

In plain terms, Rule 15 sets forth the circumstances in which a party may amend his pleadings. Under Rule 15(a), a party may amend his pleadings once as a matter of course within 21 days of service, or 21 days after service of a responsive

pleading or a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiff's FAC is improper under each of these provisions. First, Plaintiff can no longer amend his pleadings as a matter of course under Rule 15(a)(1)(A). Because Plaintiff filed this case on January 8, 2019, (ECF No. 1), Plaintiff had until January 29, 2019 to file an amended pleading as a matter of course. The FAC comes nearly three months after this deadline. Second, Plaintiff's FAC is untimely under Rule 15(a)(1)(B) because Bayview filed and served its motion to dismiss on March 21, 2019. (ECF No. 5.) Under the Rule, Plaintiff had until April 11, 2019 to file an amended pleading in response to the motion to dismiss. The present FAC comes nearly two weeks after the deadline. Plaintiff did not request an extension of time. Third, Plaintiff makes no indication that he received consent from Bayview to file the FAC, nor has Plaintiff requested permission from this Court to file the FAC. Thus, Plaintiff's FAC is improper under Rule 15(a)(2). Under these circumstances, it would be entirely proper for the Court to strike the FAC. *See Ibrahim v. United States Dep't of Homeland Sec.*, 835 F.3d 1048, 1065 (9th Cir. 2016) ("District courts have the inherent power to strike items from their docket for litigation conduct."); *Frank v. Ocwen Loan Servicing, LLC*, No. EDCV 16-02126-JGB (DTBx), 2017 WL 8116460, at *8 (C.D. Cal. Mar. 30, 2017) (striking improperly filed first amended complaint).

However, this Court "possesses inherent power over the administration of its business." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995). This power includes the authority to promulgate and enforce rules for the management of litigation and its docket. *Id.* (citation omitted). It is evident that Plaintiff filed the FAC in response to Bayview's pending motion to dismiss because Plaintiff has not

filed any opposition to the motion. Under these circumstances and in the interest of judicial economy, the Court will permit the FAC. Generally, "an amended complaint supersedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Because Bayview's motion to dismiss is directed to a pleading that is no longer the operative pleading, it is appropriate to terminate the motion.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **TERMINATES** Bayview's pending motion to dismiss. (ECF No. 5.) This termination is not an adjudication on the merits of the arguments raised in Bayview's motion. The Court *sua sponte* extends Bayview's time to respond to the FAC. Bayview may file a motion to dismiss the FAC (ECF No. 10) **no later than May 22, 2019**.

As a final matter, Plaintiff **SHALL NOT** file amended pleadings **unless this Court gives him permission to do so first or Defendants have provided their written consent to the filing of an amended pleading**. *See* Fed. R. Civ. P. 15(a)(2). This includes improper use of a notice of withdrawal to file additional versions of pleadings. The Court will strike from the docket any pleadings which do not comply with this Order and, if appropriate, will consider whether sanctions are warranted.

**IT IS SO ORDERED.**

**DATED: April 25, 2019**

Hon. Cynthia Bashant
United States District Judge