# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARIO GONZALES, <br><br> Plaintiff, <br><br> v. <br><br> BAYVIEW LOAN SERVICING, LLC, *et al.*, <br><br> Defendants. | Case No. 19-cv-0050-BAS-AGS <br><br> **ORDER:** <br><br> **(1) GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 12];** <br><br> **(2) DISMISSING CASE WITH PREJUDICE;** <br><br> **AND** <br><br> **(3) TERMINATING AS MOOT PENDING MOTION [ECF No. 13]** |

This case arises from a residential loan transaction into which Plaintiff Hilario Gonzales entered in 2006 for real property located in Bonsall, California, secured by a deed of trust (the "Deed of Trust") dated June 26, 2006 and recorded on July 6, 2006. (ECF No. 10, First Am. Compl. ("FAC") ¶¶ 1, 12, 14.) Plaintiff signed the Note and Deed of Trust for the loan transaction on June 23, 2006, yet he alleges that "the loan was not 'consummated' on June 23, 2006" "or at all." (*Id.* ¶¶ 18, 20–21.) Plaintiff alleges that he was not provided with adequate notice of his right to cancel that specified the number of days he had to cancel after a valid consummation of his loan. (*Id.* ¶¶ 19, 46.) Plaintiff also alleges that the disclosure statement he received

"under-disclosed" other information, including finance charges and the annual percentage rate. (*Id.* ¶¶ 44–45.) Plaintiff claims that "he rescinded his refinanced home loan under the Truth in Lending Act for failure to give proper disclosures" on September 13, 2016 and that his "rescission" was lawful. (*Id.* ¶¶ 11, 29–30, 51, 69, Ex. 1.)

Defendant Bayview Loan Servicing, LLC ("Bayview") began servicing Plaintiff's loan in February 2015. (*Id.* ¶ 25.) Plaintiff alleges that he notified Bayview of "the previous TILA rescission" on November 19, 2016. (*Id.* ¶ 35, Ex. 2.) Plaintiff claims that Bayview and certain other third parties have "fail[ed] to honor the Notice of Rescission." (*Id.* ¶ 54.) As with his original pleading (ECF No. 1), Plaintiff purports to seek enforcement of the "rescission" in the operative First Amended Complaint, (ECF No. 10). Plaintiff seeks damages and equitable relief. (FAC ¶¶ 31, 61–68, *id.* at 17–18 (prayer for relief).)

Bayview has filed a renewed motion to dismiss the FAC on the ground that Plaintiff lacks an underlying claim for rescission under TILA based on TILA's three-year time limitation to rescind. (ECF No. 12.) Plaintiff nominally opposes, but fails to address the substance of Bayview's arguments. (ECF No. 15.) The Court finds Bayview's motion suitable for determination on the basis of the current submissions. For the reasons herein, the Court grants Bayview's motion to dismiss and dismisses this action with prejudice because Plaintiff's claims are time-barred as a matter of law.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

## DISCUSSION

This lawsuit hinges on the failure of Plaintiff and his counsel to comprehend the very clear contours of the federal Truth in Lending Act's ("TILA") right of rescission for a loan. Plaintiff claims that "[a]t no time did (or could) Plaintiff waive his right to rescind under the [TILA][.]" (FAC ¶ 27.) The right of rescission that TILA affords to a borrower, however, *is* subject to an abundantly clear time limitation. A straightforward application of this limitation disposes of Plaintiff's claim for rescission enforcement. Plaintiff also raises a TILA damages claim that is subject to a statute of limitations that bars this claim as well.

Under TILA, a borrower has an unconditional right to rescind a credit transaction within three days, "after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements." *Jesinoski v. Countrywide Home Loans,*

*Inc.*, 135 S. Ct. 790, 792 (2015); 15 U.S.C. § 1635. "[T]his conditional right to rescind does not last forever. Even if a lender never makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" *Jesinoski*, 135 S. Ct. at 792 (quoting 15 U.S.C. § 1635(f)). The three-year time period is a statute of repose not susceptible to equitable tolling. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329–30 (9th Cir. 2012) (concluding "§ 1635(f) is a statute of repose that represents an absolute three-year bar on rescission actions"), *abrogated on other grounds as recognized by Hoang v. Bank of Am., N.A.*, 910 F.3d 1096 (9th Cir. 2018); *Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1048–49 (9th Cir. 2008) ("Statutes of repose are not subject to equitable tolling.") (quoting *Munoz v. Ashcroft*, 339 F.3d 950 (9th Cir. 2003)); *In re Brewster*, No. 5:13-CV-505-ODW, 2013 WL 4833707, at *2 (C.D. Cal. Sept. 9, 2013) ("Equitable tolling does not apply to rescission claims under TILA."). Thus, regardless of the defendant's alleged conduct or the plaintiff's purported inability to discover a defendant's failure to make proper TILA disclosures, the right of rescission ceases to exist after three years from the loan's consummation.

Plaintiff seeks to avoid the three-year period by alleging that the loan was never consummated under TILA because he was not provided legally required disclosures. (FAC ¶¶ 22, 24 73.) And his counsel reiterates this argument in opposition to dismissal. (ECF No. 15 at 3.) The Court rejects this argument.[1]

---

[1] Plaintiff's contention that the loan was never consummated is "illogical and self-defeating." *Wennekamp v. Carrington Mortg. Servs., LLC*, No. 1:18-cv-01374-DAD-SAB, 2019 WL 528440, at *4 (E.D. Cal. Feb. 11, 2019). "[I]f the loan was never consummated as he contends, and therefore was invalid from the beginning, there would be nothing for the parties to rescind." *Id.* (citing *Jesinoski*, 135 S. Ct. at 791 ("The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years *after the transaction is consummated*.") (emphasis added)).

Under TILA, consummation "means the time that a consumer becomes contractually obligated on a credit transaction." *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989) (quoting Regulation Z, 12 C.F.R § 226.2(a)(13)). "A TILA . . . violation occurs *at the time the loan documents are signed.*" *Casas v. Wells Fargo Bank N.A.*, No. 5:12-CV-01742-EJD, 2012 WL 5877641, at *4 (N.D. Cal. Nov. 20, 2012) (citing *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003)) (emphasis added). Plaintiff concedes that he signed his Note and Deed of Trust on June 23, 2006. (FAC ¶ 18.) Although Plaintiff conspicuously fails to attach a copy of the Note and Deed of Trust to his FAC, Bayview requests judicial notice of both and provides copies of them to the Court. (ECF No. 12-4; ECF No. 12-5 Ex A (Deed of Trust followed by Note).)[2] In the FAC, Plaintiff appears to challenge the enforceability of the Note and Deed of Trust on the ground that "[t]he address given was not that of the 'creditor' or Lender listed as America's Wholesale Lender on the Deed of Trust." (FAC ¶ 21.) Plaintiff fails to identify any state law requirement that an address provided be correct for a contract to be legally enforceable. Contrary to Plaintiff's unsupported arguments and bare legal conclusions in the FAC that his loan was never consummated, it is plain that his loan was consummated on or around

---

Thus, if the Court accepted this argument, then Plaintiff's rescission claim would be subject to dismissal because there would be nothing to rescind.

[2] Courts take judicial notice of deeds of trust and notes in reviewing motions to dismiss TILA claims as time-barred because the documents are "not subject to reasonable dispute" and are matters of public record. *See Westfall v. Mortg. Elec. Registration Sys.*, No. 3:15-cv-01403-L-NLS, 2016 WL 1241520, at *1 (S.D. Cal. Mar. 30, 2016); *Monreal v. Deutsche Bank Nat'l Trust Co.*, No. 13cv00743 AJB (NLS), 2013 WL 5727565, at *1 n.1 (S.D. Cal. Oct. 22, 2013). Plaintiff does not challenge the authenticity of the documents. (ECF No. 17.) Accordingly, the Court grants Bayview's request for judicial notice of these documents. The Court otherwise denies Bayview's request to take judicial notice of other documents, including Plaintiff's filing of a prior lawsuit, because they are not necessary to the resolution of this suit.

June 23, 2006.

Under a straightforward application of TILA's time limitations, Plaintiff had until June 26, 2006 to exercise his unconditional right to rescind and until June 23, 2009 to exercise his right to rescind due to alleged failures to disclose. Plaintiff, however, readily concedes that he tried to rescind the loan "under [TILA] for failure to give proper disclosures" on September 13, 2016. (FAC ¶¶ 11, 29–30, 51, 69, Ex. 1.) Plaintiff's act over seven years after the expiration of the TILA time period means that Plaintiff's act was legally ineffective under TILA and did not constitute a TILA rescission. Consequently, Plaintiff has no right to enforce his act as a TILA rescission, nor does Bayview or any third party need to recognize Plaintiff's act as effecting a rescission.[3] Plaintiffs' bare assertions in his opposition to dismissal that his act constituted a legally effective rescission under TILA fail as a matter of law. (ECF No. 15 at 5.)

Plaintiff also seeks damages under TILA for "a refund of all interest, finance charges, and payments made on the rescinded loan." (FAC ¶ 31.) TILA "requires creditors . . . to provide borrowers with clear and accurate disclosures of [the] terms [of their loan, including] . . . finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638). If a lender fails to satisfy TILA's disclosure requirements, it is liable for "statutory and actual damages traceable to [its] failure to make the requisite disclosures." *Id.* (citing 15 U.S.C. § 1640). "Any request for

---

[3] Bayview argues that in the Ninth Circuit "the plaintiff must bring [a claim to enforce rescission] within one year of the creditor's denial or failure to respond." (ECF No. 12-1 at 8 (collecting cases).) Because Plaintiff's act does not qualify as a legally effective rescission under TILA, there is no applicable time period within which Plaintiff can seek to enforce. *See Wennekamp*, 2019 WL 528440, at *4.

damages under TILA . . . is subject to a one-year statute of limitations (15 U.S.C. § 1640(e))." *Casas*, 2012 WL 5877641, at *4; *see also Beriones v. IMH Assets Corp.*, No. 19cv301-CAB-NLS, 2019 WL 1714467, at *3 (S.D. Cal. Apr. 16, 2019). Plaintiff's loan transaction closed in 2006 and thus the statute of limitations began to run in 2006 and expired in 2007. *See Kang v. Wells Fargo Bank, N.A.*, No. 18cv332-MMA (JMA), 2018 WL 1427081, at *8 (S.D. Cal. Mar. 22, 2018). Without more, Plaintiff's TILA damages claim is time-barred.

Plaintiff appears to seek equitable tolling of the statute of limitations by alleging that he "did not have, and could not have had a reasonable opportunity to discover the material breaches until very recently[.]" (FAC ¶ 70.) "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). However, a plaintiff who fails to allege any facts demonstrating that the alleged TILA violations could not have been discovered by due diligence during the statutory period cannot receive the benefit of equitable tolling. *See Meyer v. Ameriquest Mortg. Co.,* 342 F.3d 899, 902 (9th Cir. 2003).

Plaintiff does not expressly offer factual allegations showing that he could not have discovered the alleged fraud or nondisclosures between 2006 and 2007, nor does he argue in opposition to dismissal that his damages claim is entitled to equitable tolling. Even if the Court considers whether Plaintiff is entitled to equitable tolling under the most charitable view of the FAC, Plaintiff clearly had knowledge of alleged fraud or nondisclosures in connection with his 2006 loan transaction by September 13, 2016 when Plaintiff purported to rescind the loan in a "Notice of Rescission." Plaintiff therefore had until September 13, 2017 to pursue a TILA damages claim. Plaintiff did not file this suit until January 8, 2019. His

damages claim is therefore barred.

**CONCLUSION & ORDER**

For the foregoing reasons, the Court **GRANTS** Bayview's motion to dismiss. (ECF No. 12.) It is futile for Plaintiff to amend for claims that are time-barred. Accordingly, this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court **SHALL TERMINATE AS MOOT** all pending motions. (ECF No. 13.) This case is closed.

**IT IS SO ORDERED.**

**DATED: June 25, 2019**

Hon. Cynthia Bashant
United States District Judge